## Worth Johnson v. The State.

### No. 166.    Decided November 24, 1909.

**Theft—Charge of Court—Value—Requested Charge.**

Where, upon trial for theft of property of the value of $50 and over, the evidence showed that the defendant had opportunity to have taken the alleged stolen property consisting of goods, wares and merchandise, some of which articles were under the value of $50, at different times, and there was little direct evidence that he took all of the articles alleged in the indictment at the same time, it was necessary that this issue should have been submitted to the jury, as requested, the court not having charged thereon. Following Lacey v. State, 22 Texas Crim. App., 657, and other cases.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of theft of property of the value of $50 and over; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*H. B. Mock,* for appellant.—On question of the court's failure to instruct the jury as to the value of the property stolen: Hilliard v. State, 37 Texas, 558, and cases stated in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The appellant, Worth Johnson, was convicted in the District Court of Hunt County on a charge of theft of property over the value of $50 and his punishment assessed at confinement in the penitentiary for a period of four years. From this conviction he appeals to this court and seeks a reversal on many grounds which are quite fully set out in his motion, and presented in a brief filed in his behalf.

In the view we have taken of the matter we deem it unnecessary to notice many of the questions presented, since, in the nature of things, most of them will not likely arise upon another trial. The testimony shows, in substance, that one W. M. McBride was a merchant, a dealer in dry goods, in Greenville, Hunt County, Texas, and that on the second floor of the building occupied by him was located the office of the Southwestern Telephone Company, and that they had a large storage room in the rear of the offices; that between this storage room of the Telephone Company and McBride's store an opening had been made for light and ventilation to the store below, which opening was covered with a screen wire on a banistering about three feet high; that this wire screen had been there about three and a half years and during all this time employes of the Telephone Company had been around and about it. It seems that about the first of March, 1909, information came to McBride that certain of his goods were missing. This led to an investigation and it was discovered that the lacing of the strips of screen wire at one place was laced in a different manner from the other lacing and that same was loose, or not fastened securely; that this point was directly over the iron safe in the office of the store below. It seems that appellant was an employe of the Telephone Company and had access to the room in which this screen was located. The State proved by Minnie Smith that she at one time lived in Greenville; that she was an habitue of the Griffin Flats in Dallas, where women of questionable character received their male guests at unseemly hours, and that one night about March 1st, of this year, appellant, who was her guest, had and exhibited to her six new suits of men's clothing, three ladies skirts, a pair of shoes, some ties, some hose, suspenders, and other sundry articles, all of which were new, which he told her he had won from a dry goods clerk. Some of these articles which she could use appellant gave her. The articles which appellant had in his possession and which this witness says were exhibited to her were worth largely more than

$50. No single one of the articles, however, was worth as much as $50 or anything like it. There is nothing in the evidence to indicate when the articles were taken, or whether they were taken at the same time or at different times. Appellant had opportunity to have taken them on many different occasions. In this condition of the proof the court gave the following instruction: "Theft is defined to be fraudulent taking of corporeal personal property belonging to another, from his possession, without his consent, with intent to deprive the owner of the value of the same and appropriate it to the use or benefit of the person taking.

"If you believe from the evidence, beyond a reasonable doubt, that the defendant, in the County of Hunt and State of Texas, on or about the day alleged in the indictment, did fraudulently take from the possession of W. M. McBride the property described in the indictment, without the consent of the said W. M. McBride, and with the intent to deprive the said W. M. McBride of the value of the said property, and to appropriate the same to the use and benefit of him, the defendant, and you further believe, beyond a reasonable doubt, that the said W. M. McBride was at the time the owner of said property, you will find the defendant guilty as charged, and assess his punishment at confinement in the penitentiary for not less than two or more than ten years." The remaining part of the court's charge was devoted to the matter of explanation of recently stolen property, circumstantial evidence, presumption of innocence, that the jury were the exclusive judges of the facts proved, and including directions as to the form of verdict. On the trial appellant requested the court to give in charge to the jury the following instruction: "That if theft of property by the same person and from the same owner is committed on different occasions, each occasion constitutes a distinct offense. Therefore, even though you believe that the defendant did take from the possession of W. M. McBride property belonging to him and that the taking constituted theft, yet, unless you believe beyond a reasonable doubt that property to the value of fifty dollars was taken at one and the same time you must acquit the defendant and the burden of proof is upon the state to prove this fact." In this connection appellant also requested the court to give the following special instruction: "That theft of property by the same person, and from the same owner if committed on different occasions, each occasion constitutes a distinct offense.

"Therefore, even though you believe that the defendant did take from the possession of W. M. McBride property belonging to him and that the taking constituted theft, yet, unless you believe beyond a reasonable doubt that property to the value of $50 was taken at one and the same time, you must acquit the defendant of theft of property of the value of $50, and the burden of proof is upon the

State to prove that the property so taken at one time was of the value of $50.

"Should you find that defendant is not guilty of taking property of the value of $50, but believe that on an occasion, as alleged in the indictment, did take property from the possession of the said W. M. McBride of value less than $50, you will find defendant guilty of theft of property under the value of $50.

"Should you find defendant guilty of theft of property, as alleged in the indictment, under the value of $50 the punishment for such offense is by imprisonment in the county jail for any term not exceeding two years, and by fine in any amount not exceeding $500, or by such imprisonment as you may agree upon without fine." Both of these instructions were by the court refused. It will be observed that the charge of the court does not require the jury to find the value of the property taken, or to have treated the question of value as an ingredient of the offense. The first special instruction above referred to should not, of course, have been given since it directs an acquittal in the event the jury find the property taken at any one time to be less than $50. It was sufficient, however, to call the attention of the court to the oversight and error in his charge. The last special instruction requested was correct and should, in substance at least, have been given. Article 869 of the Penal Code is to this effect: "Theft of property of the value of fifty dollars or over shall be punished by confinement in the penitentiary not less than two nor more than ten years." It is the settled law in this State that whenever a punishment is affixed by law to theft of a particular kind of property it is unnecessary to either allege or prove the value of same, because theft thereof is made per se a felony. But in respect to all other classes of property it is both necessary to allege and prove the value because the value characterizes the grade and the punishment for the theft thereof. It has been further held that where different articles are alleged to have been stolen and the values are affixed to each separate article in order to sustain the conviction for a felonious theft, the evidence must show a taking of articles of $50 or over in value at one and the same time. Lacey v. State, 22 Texas Crim. App., 657; Clark v. State, 26 Texas Crim. App., 486; Stallings v. State, 29 Texas Crim. App., 220; Cody v. State, 31 Texas Crim. Rep., 183; White v. State, 33 Texas Crim. Rep., 94; Hilliard v. State, 37 Texas, 358; Flynn v. State, 47 Texas Crim. Rep., 26; Barnes v. State, 3 Texas Ct. Rep., 584; Keipp v. State, 51 Texas Crim. Rep., 417. In this case there was abundant evidence that appellant had opportunities to have taken these goods on many occasions and there is little direct evidence that he took all of the articles at the same time and it was peculiarly necessary and important that this issue should have been submitted to the jury.

As stated the other matters are not likely to occur on another trial

and need not be noticed. For the errors pointed out the judgment will be reversed and the cause remanded for proceedings in accordance with law.

*Reversed and remanded.*

Brooks, Judge, absent.