## SCOTT LYNCH v. THE STATE.

No. 2449. Decided May 14, 1913.

**1.—Theft of Cotton—Bills of Exception.**

In the absence of the approval of the judge to bills of exception in the record, the same can not be considered on appeal.

**2.—Same—Bills of Exception—Rule Stated.**

Where a bill of exceptions calls for the insertion of an instrument, it must be inserted in the bill.

**3.—Same—Want of Consent.**

Where, upon trial of theft, defendant contended on appeal that the State had failed to prove want of consent by the party injured, but it appeared from the record that the defendant himself testified that he did not have the consent of the party alleged to have been injured, and also denied having taken the cotton, and it was also shown by circumstantial evidence that a want of consent had been proved, there was no error.

**4.—Same—Venue.**

Where, upon trial of theft of cotton, the venue was correctly laid in the county of prosecution, there was no error.

**5.—Same—Requested Charges—Practice on Appeal.**

Where, upon appeal, in a misdemeanor case, the complaint in the motion for new trial was that the court erred in not giving defendant's requested instructions, the same could not be considered on appeal; besides, the matter was covered in the court's main charge, and the evidence being sufficient to sustain the conviction, there was no error.

Appeal from the County Court of Collin. Tried below before the Hon. H. L. Davis.

Appeal from a conviction of theft of cotton; penalty, twenty-five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a companion case to No. 2388, Wilson v. State, recently affirmed by this court. There is only one bill of exceptions presented that can be considered; all the other bills are not signed or approved by the trial judge. The bill signed by the trial judge recites that after argument had closed and before the charge had been given the jurry, appellant presented a motion to dismiss the case because the evidence would not show that any cotton was lost, and because the offense, if any, was committed in Dallas County, and the court overruled the motion; thereupon defendant presented another motion to dismiss because the State had not proved by any testimony that any cotton was taken from the possession of Jim Lewis, the prosecuting witness; that if any cotton was taken from the possession of Jim Lewis, the alleged owner, that the evidence did not show it was taken without his consent. Then follows this language: "Said motion is in words and figures as follows:" But the motion is not included in the bill of exceptions; but perhaps that would be immaterial as it is in the record. Again, the bill recites that in support of the motion to dismiss appellant offered the entire testimony of Jim Lewis, the alleged owner, taken at a former term of the court in the trial of John Wilson, a companion case, which had already been read in evidence, and which is in the record. This bill recites, "The said testimony of Jim Lewis is as follows:" But the testimony is not incorporated in the bill of exceptions. Under the rules prescribed by the Supreme Court it seems this would not be sufficient; that where a bill of exceptions calls for the insertion of an instrument, it must be inserted in the bill. However, the evidence of Lewis will be looked to anyway. The bill further recites, "Thereupon the court suggested that the State had proved want of consent by the defendant, and counsel for the defendant suggested to the court that it would not be competent to prove this by the defendant, because the State has to prove the corpus delicti and the defendant is not required to take the stand until the State has proven the corpus delicti. Thereupon the court stated that the defendant having testified that Lewis did not give his consent for him to take the cotton, that the jury can look to any evidence in the case whether offered by the State or the defendant in determining any issue, and the court thereupon announced that he would overrule the motion. Thereupon counsel for the defendant announced that he desired to embrace in his bill of exceptions the entire testimony of Jim Lewis, and the court stated that he would permit this." "The bill is allowed with the qualification that this bill was approved on May 2, 1912. The court adjourned on the 13th of April, 1912."

Taking this bill as a whole, it does not present any error. Lewis, the alleged owner, did not testify in terms that he did not give consent. The facts show that he was prosecuting the case and had taken many steps to investigate the theft and found his cotton and identified it, etc.

He was not present at the term, being at Mineral Wells sick, therefore it was agreed to use his testimony given in the trial of John Wilson. Where positive, affirmative testimony can be shown in regard to want of consent, this may be done, and it can not be shown by circumstantial evidence. Where positive evidence on want of consent can not be obtained, then circumstantial evidence may be used, but in this case, however, we are of opinion those matters amount to no practical value, because defendant testified positively upon the witness stand that he did not have the consent of Lewis to take his cotton. He denied also having taken the cotton. We think the evidence is sufficient to comply with the most rigid rule in regard to this matter, and shows that appellant, if he took the cotton, did not take it with the consent of Lewis. He affirmatively shows this fact, and all the circumstances and the evidence shows satisfactorily that he did not have such consent. This, in view of the fact that Lewis so testified, we think, makes out sufficient evidence on this proposition. The other bills are not considered because not approved by the court.

Appellant asked some special instructions, which were refused. In the motion for new trial he says the court erred in not giving his requested instructions Nos. 1, 2 and 3, including the entire number. This is the only way that matter is presented. This is not sufficient to authorize consideration, but in any event we are of opinion that the court sufficiently charged the law applicable to the facts. The charges requested by appellant presented the matters already charged upon in different forms. There is no error, we think, any way in refusing the requested instructions. The evidence in the Wilson case, companion to this case, was held sufficient to authorize the conviction, and a review of the testimony in this case is sufficient, we think, to show that the jury was justified in reaching the conclusion they did, that appellant was guilty of the theft of cotton as alleged in the information.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*