## O. R. McCollum v. The State.

No. 7331.  Decided January 17, 1923.

**Theft—Insufficiency of the Evidence—Ownership—Value.**

Where, upon trial of misdemeanor theft, there was no evidence as to the ownership or value of the alleged stolen property, the conviction cannot be sustained. Following Radford v. State, 35 Texas Crim. Rep., 15, and other cases.

Appeal from the County Court of Floyd. Tried below before the Honorable W. B. Clark.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $10.00 and 10 hours confinement in the county jail.

The opinion states the case.

*Williams & Martin,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft, a misdemeanor; punishment fixed at a fine of ten dollars and confinement in the county jail for ten hours. ·

As described in the indictment, the alleged stolen property consisted of two sacks of the value of ten cents each and grass seed contained in said sacks of the value of five dollars. The evidence reveals that the elevator in which one Watson had some grass seed stored caught fire; that while parts of the building were burning some persons made a hole in the east side of the building which permitted some of the grass seed to run out, and that the appellant and others procured some sacks and allowed the grass seed to run into the sacks, which were then carried by the appellant and others some distance to a place of safety. During this procedure some of the grass seed fell on the ground and in a ditch and became mixed with trash and dirt, some of which was thrown by some one in a wagon; that after the fire had progressed to a degree that no more of the seed in the house could be saved, the appellant caused to be put in sacks some of the seed which was in the ditch and mixed with trash with the idea that he might use it for chicken feed. Watson, the owner, was present, though he gave no specific consent to the taking of the trashy seed by the appellant. Appellant, in taking the seed, acted openly in the presence of a number of people and he testified that he had no idea of depriving the owner of anything of value. Watson said that he treated all of the damaged seed as worthless, including that mixed with the trash, and in settling with the insurance company, the adjuster who represented the insurance company, regarded this trashy seed as worthless and settled with Watson upon the theory that all of the damaged seed, as well as that mixed with the trash, was valueless and a total loss. We find no evidence as to the ownership or value of the sacks.

We regard the judgment unsupported by the evidence in that it does not appear that the appellant took the seed with any fraudulent intent to deprive the owner of anything of value, nor does it appear that he was depriving him of anything of value. The amount of seed that was put in the sacks was not revealed; the value is not disclosed, the only evidence upon the subject being that the seed mixed with the trash was valueless and that which was unmixed with trash, unburned and in good condition was worth about three cents per pound. The undisputed evidence shows that the seed which appellant took was scraped

up off the ground in the same manner as that which was thrown in the wagon and which, according to the evidence, was of no value. To say the least, the value of the seed taken was not proved. In an offense of this class, the proof of value is essential. The statute so declares. See Penal Code, Art. 1330; also Vernon's Tex. Crim. Stat., Vol. 1, p. 866; Radford v. State, 35 Texas, 15; Lunn v. State, 44 Texas, 85; Ruling Case Law, Vol. 17, p. 65, sec. 71.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*