## E. M. Keenan v. The State.

No. 14988.   Delivered March 9, 1932.
Rehearing Denied April 13, 1932.

The opinion states the case.

*Fike & Cleveland,* of Stratford, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property under the value of $50; the punishment, a fine of $50 and confinement in the jail for ten days.

It was alleged in the complaint and information, in substance, that appellant fraudulently took from the possession of R. Y. Anderson one Kingston carburetor of the value of $9, one casting of the value of $8.50, one water pump of the value of $9.50, one magneto of the value of $10, and one gas line of the value of $1. R. Y. Anderson, the injured party, testified, in substance, as follows: At the close of the season of 1930, he left his tractor in the country. He next saw the tractor in July, 1931, and observed that certain parts had been taken from it. Among these parts were the hose of a water pump, a gas line, and a magneto. Going to appellant's home, he found the parts in a pile of junk in appellant's yard. He identified the magneto by dirt and dust in one of the bolt holes. The gas line was identified by soldering placed thereon in making repairs.

Appellant testified that he got the parts found by Mr. Anderson from an old tractor belonging to his (appellant's) brother. Witness for appellant testified to having gone with appellant to his brother's during the first part of June, 1931, and aiding him to strip the parts from the tractor. Appellant denied that he had taken any of the parts from Mr. Anderson's tractor.

The value of the parts taken from the tractor of the injured party was not proved, either directly or circumstantially. In an offense of this class the proof of value is essential. McCollum v. State, 93 Texas Crim. Rep., 235, 247 S. W., 283, and authorities cited. Article 1410, Penal Code, defines the offense of theft. Article 1411, Penal Code, provides: "The property must be such as has some specific value capable of being ascertained." Article 1422, Penal Code, as amended by Acts 1927, 40th Legislature, p. 232, chap. 157 (Vernon's Ann. P. C., art. 1422), provides that the "Theft of property under the value of $50 and over the value of $5 shall be punished by imprisonment in jail not exceeding two years, and by fine not exceeding $500, or by such imprisonment without fine; theft of property of the value of $5 or under shall be punished by fine not exceeding $200." An allegation as to value is not descriptive further than as it affects the question as to whether the offense be a felony or a misdemeanor punishable by imprisonment in jail and a fine, or a misdemeanor punishable by fine alone. Houston v. State, 98 Texas Crim. Rep., 280, 265 S. W., 585. In the present case, as far as the record reflects the matter, the property might have been valueless, or it might have had a value of $5 or under. If the value was $5 or under the punishment could not have exceeded a fine of $200. The fine assessed was $50, and, in addition, it was adjudged that appellant be confined in jail for ten days. If the property had a value of $5 or under, the

punishment shown by the record herein would not have been warranted. In the absence of any proof as to the value of the property the judgment cannot be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—By proper motion in the court below appellant challenged the sufficiency of the complaint upon which the information was based. The judgment having been reversed for other reasons the point mentioned was not considered. Appellant in his motion for rehearing asks that we dispose of the question, insisting that if the complaint is bad the case should be ordered dismissed.

Our statute (article 222, C. C. P.), provides that a complaint will be sufficient, without regard to form, if it shows that "accused has committed some offense against the laws of the state, either directly or that the affiant *has good reason to believe, and does believe,* that the accused has committed such offense."

It is appellant's contention that the complaint in the present case does not substantially comply with the provisions of the statute quoted. It recites:

"Before me, the undersigned authority, personally appeared R. Y. Anderson, who, after being by me, duly sworn on oath deposes and says that; *according to his information and belief, \* \* \*"* appellant committed the crime of theft, setting out by proper averments the elements of that offense. It is appellant's position that the complaint is defective because it does not contain the statutory phrase "and does believe." If appellant is right in his assumption that the complaint does not contain substantially the statutory language last quoted, the complaint would be fatally defective. See Smith v. State, 103 Texas Crim. Rep., 228, 280 S. W., 581; Ward v. State (Texas Crim. App.), 21 S. W. (2d) 297, and cases therein cited. However, giving effect to that part of the statute which requires no particular form for a complaint, we are inclined to the view that the recitals in the beginning of the complaint are equivalent to the statement that from the information which affiant had received he "does believe" accused to be guilty of the offense of theft, and so charges under oath. Our conclusion is supported by Brown v. State, 11 Texas App., 451; Burnett v. State, 88 Texas Crim. Rep., 598; 228 S. W., 239. In Smith v. State, 45 Texas Crim. Rep., 411, 76 S. W., 436, the necessity of substantial compliance with the provisions of the statute (article 222, C. C. P.), is recognized, and the holding in Brown's case (supra) is

apparently approved with the statement that the latter case carried the doctrine as far as the statute would permit. Our holding here is thought to be within the recognized rule.

We do not approve of, and can see no good reason for departing from the language of the statute and approved forms in such matters. To do so usually causes questions like that now before us to arise.

The motion for rehearing is overruled.

*Reversed and remanded, but not dismissed.*