## RICHARD J. COOKE V. STATE

No. 28,820. February 27, 1957.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment with the offense of passing a forged instrument and, upon a trial before the court on a plea of guilty, was on June 27, 1956, adjudged guilty of said offense and his punishment was assessed at three years in the penitentiary.

On the same day appellant was granted probation, one of the conditions being that he commit no offense against the laws of this state or any other state.

On October 30, 1956, application was made by the sheriff of Reeves County, to whom appellant was required to report under the terms of his probation, alleging appellant's conviction in the county court of Reeves County, Texas, for swindling with a worthless check on August 7, 1956, and alleging the violation of the terms of probation occurred during the term thereof.

Upon the hearing it was shown that on August 7, 1956, appellant pleaded guilty to the charge by information, filed July 25, 1956, alleging that with intent to defraud he obtained cash and gas by giving a check for $6.10 upon a bank in which he had no funds. The offense was alleged to have been committed on or about July 22, 1956, and the check bore that date.

The trial judge revoked the probation he had granted and pronounced sentence, and appellant gave notice of appeal.

There is no statement of facts upon the trial upon a plea of guilty before the court and the proceedings appear to be regular.

The statement of facts upon the hearing which resulted in the revocation of probation shows no abuse of discretion upon the part of the trial judge. The facts support his finding that the conditions of the probation were violated.

The judgment is affirmed.