## LUTHER DORSEY V. STATE.

No. 34,623.   May 16, 1962

*Tom Moore,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, two years.

The circumstantial evidence offered without objection, viewed in the light most favorable to the jury's verdict, is sufficient to sustain the finding that appellant acted as a principal with one George Currie in the theft of more than $50 in currency from the cash register at the checking stand of Mrs. W. R. Newsom, an employee in a supermarket in Big Spring owned by Don Newsom.

The indictment alleged that the money belonged to Joe Bell.

The evidence shows that Joe Bell was the manager of the supermarket at the time of the theft, and was in charge of the store and had the care, control and custody of Mr. Don Newsom's property in the store.

Joe Bell did not testify at the trial. The evidence shows that he was no longer employed by Don Newsom and had gone to Spur, and at the time of the trial was ill in the hospital in Lubbock.

Joe Bell was not in the store at the time the money was taken out of the open cash register by George Currie, while Mrs. Newsom was checking appellant's purchase and selling him some snuff and tobacco.

Mrs. Newsom testified that she did not give permission to appellant or any other man in any way to take money from the cash register.

The sole ground for reversal is predicated upon the contention that the state failed to prove the essential element of lack of consent of Joe Bell, the owner named in the indictment.

The precise question presented is whether, under the record, reversal should be ordered because the state resorted to circumstantial evidence to prove that Joe Bell did not consent to the taking of the money from the cash register.

Appellant relies upon the rule as stated in Lynch v. State, 70 Texas Cr. Rep. 449, 156 S.W. 1182; "Where positive, affirmative testimony can be shown in regard to want of consent, this may be done, and it cannot be shown by circumstantial evidence." He also quotes from the early case of Wilson v. State, 12 Texas App.

481: "this proof should be made by the persons themselves if they are attainable, and if they are not to be had, their absence should be accounted for before the State can be allowed to resort to circumstantial evidence."

We are aware of no holding by this Court that evidence to the effect that the special owner is ill in the hospital in another county is not a sufficient predicate for proof by circumstantial evidence that he did not consent to the taking of property from the store of which he was the manager and in charge of the property stolen.

This Court has, on numerous occasions, applied the rule that want of consent may not be inferred from other circumstances *when the owner is present* and is a witness in the theft case, but does not testify that the property was taken without his consent. Mitchell v. State, 166 Texas Cr. Rep. 291, 313 S.W. 2d 286, and cases cited. 5 Branch's Ann. P.C. 2d 88, Sec. 2639, cites cases holding that the judgment will not be reversed because the person or persons in whom ownership and possession is alleged were not placed on the stand to testify directly and in terms to want of consent, if no bill of exception was reserved to the circumstantial evidence offered to prove want of consent. Among the cases cited are Allen v. State, 24 S.W. 30, and Taylor v. State, 109 Texas Cr. Rep. 323, 4 S.W. 2d 564.

We hold that the circumstantial evidence offered by the state was sufficient to sustain the jury's finding that the money was taken from the possession of Joe Bell without his consent, and that such evidence was admissible for that purpose, Joe Bell not being present at the trial but ill in a hospital in another county.

We further hold that appellant, not having raised the question by objection in the trial court, may not complain for the first time in this Court that the state resorted to circumstantial evidence in proving want of consent of the special owner, Joe Bell.

The judgment is affirmed.