Luman PERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43220.

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Will Gray, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William W. Burge, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation wherein the appellant contends the evidence is insufficient to sustain the alleged violation of probationary conditions. We agree and hold that the trial court abused its discretion in revoking probation.

The record reflects that on July 30, 1968, the appellant waived trial by jury and entered a plea of guilty before the court to the offense of passing as true a forged instrument. The punishment was assessed at five years, but the imposition of the sentence was suspended and the appellant granted probation.

Among the terms and conditions of probation were:

"* * *

"(f) Work faithfully at suitable employment and notify the probation officer prior to changing employment;

"(g) Remain within the limits of Harris County, Texas, and change place of residence only with permission from the probation officer;"

On June 4, 1969, the State filed a motion to revoke probation alleging that the appellant violated his probationary conditions in that (1) he had failed to work at suitable employment, (2) he did not notify his probation officer prior to changing employment, and (3) he had changed place of residence without permission from his probation officer.

At the hearing on the motion to revoke probation, it was shown by the State's witnesses that at the time appellant was placed on probation he was employed by "some company" and was granted permission to reside in Chambers County. Subsequently he was permitted to live at an ambulance company in Baytown where he was employed. Still later, he notified

his probation officer that he had secured a job with the Coastwise Security Company in Baytown.

On April 7, 1969, he reported in person to his probation officer informing him that he had received $300 in salary from the security company during the last month; that he had a new job in sales and advertising with a radio station in Baytown. He also informed the probation officer that he was living at the time in Mont Belview, Chambers County, but he expected to move to 501 Gresham Street, Baytown, in view of his new job. The proposed change in residence was approved by the probation officer. The appellant was told he would be informed by mail when to report next.

Exactly one month later, May 7, 1969, the probation officer mailed two registered letters to the appellant at the addresses given. The letters were returned to the probation officer. The envelope of the letter to the Mont Belview address was marked "Moved —no forwarding address" and the other envelope bore the notation "addressee unknown." The probation officer related he did not know who had placed the notations on the letters but "assumed" the post office did. He made no personal investigation at either address.

On June 4, 1969, the probation officer received a phone call from a detective in Missoula, Montana. On June 9, 1969, a deputy sheriff from Harris County took the appellant into custody in Missoula, Montana, and returned him to Harris County.

At the conclusion of the hearing the court found that the appellant had violated his probationary conditions in every particular alleged by the State in its motion, and the order revoking probation so states. Sentence was then imposed and notice of appeal given.

Appellant contends there is no evidence to support the allegations in the motion to revoke and that the court abused its discretion in revoking the probation. Appellant observed that the only violation reflected was leaving the confines of Harris and Chambers Counties, but such evidence was immaterial since the same was not alleged in the motion to revoke, the motion was never amended, and the court made no finding with regard thereto.

The evidence reflects that the appellant was gainfully employed when placed on probation, and had during his probation worked for an ambulance company, a security company, and was to commence employment with a radio station. Each time he was shown to have notified his probation officer of the change in employment. His status with the radio station at the time of his arrest was not shown. There was no testimony offered to show that he was otherwise employed or that he was unemployed at any time.

Clearly there was no evidence to support the court's finding that the appellant had failed to "work faithfully at suitable employment" and failed to "notify the probation officer prior to changing employment."

There remains then the finding that appellant had changed residence without permission of his probation officer. Here, again, we are faced with the question of the sufficiency of the evidence. If appellant had, in fact, changed the place of his residence without obtaining prior approval, where was he residing? How long he had been in Montana, what he was doing there or even his difficulty with the authorities there is not revealed by this record.

Further, on cross-examination the deputy who returned the appellant from Montana was asked:

"Q. Mr. Zindler, you don't know whether the defendant had taken up permanent residence anywhere away from Baytown or Harris County, do you?

"A. No, sir, I do not."

■ Having granted probation, the trial court is not authorized to revoke probation without a showing that the defendant has

violated a condition of his probation, Wozencraft v. State, Tex.Cr.App., 388 S.W.2d 426, and the burden of proof is on the State to show such violation. Zane v. State, Tex.Cr.App., 420 S.W.2d 953. We cannot conclude that the burden of proof has been met. The trial court abused its discretion in revoking probation.

The judgment is reversed and the cause remanded.