**Nicky Arlo BRANCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43524.

Court of Criminal Appeals of Texas.

March 17, 1971.

---

Thomas V. Priolo, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation. On February 24, 1967, appellant was convicted for felony theft of property over the value of $50.00. The punishment was assessed at five years and was probated.

The condition on which probation was revoked was that appellant commit no offense against the laws of this State. The motion to revoke probation was filed December 30, 1969. It alleged that on the 24th day of December appellant willfully injured a windshield of an automobile belonging to the City of Amarillo.

The proof shows that appellant was arrested after an officer answered a disturbance call at the Cabana Lounge in the City of Amarillo. After the appellant was placed under arrest he kicked out the windshield of the patrol car. The replacement cost of the windshield was $103.07.

Appellant contends that the evidence is insufficient for the court to revoke probation.

Officer Adams testified that he went to the Cabana Lounge some time after midnight and heard appellant cursing a woman and saying something about her and her "whore" daughters. He asked the appellant to have a seat in the patrol car and appellant cursed him. He then placed appellant under arrest and handcuffed him. In addition to kicking out the windshield he kicked the dash, the radio, the steering column of the patrol car. The offiicer testified that he then used mace to subdue the appellant.

The appellant testified that he could have kicked out the glass but that he did not remember doing so, because the officer had used mace upon him. He admitted cursing the officer and spitting upon him and admitted that he was the person previously convicted.

The trial court had sufficient evidence before it to order the revocation of probation.

Appellant also contends that the court erred in admitting into evidence a copy of an invoice showing the replacement price of the windshield, a photograph of the automobile and evidence of other damages which were not alleged in the motion to revoke probation.

The only issue on appeal is whether the trial court abused its discretion in revoking the probation. The hearing on the revocation is not a criminal trial. Hood v. State, Tex.Cr.App., 458 S.W.2d 662; Tate v. State, Tex.Cr.App., 365 S.W.2d 789.

All of the evidence complained of was admissible. If any of the evidence had been inadmissible, it is presumed that in the hearing before the judge he disregarded it. Murray v. State, Tex.Cr.App., 438 S.W.2d 916; Bryan v. State, Tex.Cr. App., 406 S.W.2d 210; Skelton v. State, Tex.Cr.App., 306 S.W.2d 127, and Richards v. State, Tex.Cr.App., 305 S.W.2d 375.

Contrary to contention by the appellant, the State was not bound to prove that the value or replacement value of the windshield was over $50.00. The proof of the wilful injury or destruction of the property was sufficient to show a violation of the law.

The trial judge did not abuse his discretion in revoking appellant's probation. The judgment is affirmed.