**Doyle Wayne SIZEMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46902.

Court of Criminal Appeals of Texas.

June 13, 1973.

Kip Glasscock, Port Arthur, for appellant.

Tom Hanna, Dist. Atty., and Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

On December 27, 1971, appellant entered a plea of guilty before the court to the offense of burglary and his punishment was assessed at six (6) years, probated. Among other conditions of probation was that he "commit no offense against the laws of this State or any other State or the United States".

On March 13, 1972, a motion to revoke probation was filed alleging, in part, that he "violated [the terms of his probation] by committing the offense of Attempted Burglary . . . with the intent . . . to fraudulently take . . . corporeal personal property . . . be-

longing to . . . Cecil Renshaw . . . without [his] consent."

On August 4, 1972, the court conducted a hearing on the motion to revoke and at the conclusion thereof revoked probation.

Briefly, the evidence shows that Officer Mike Adams of the Port Arthur Police Department observed two men at the side of the Baskin-Robbins Store owned by Cecil Renshaw on Gulfway Drive in Port Arthur about 4:00 a. m. on January 26, 1971. Both men had hold of a crowbar which was apparently inserted in the door of the building. Both men walked away when the police vehicle approached and ran when the officer hollered at them. Appellant was arrested two or three minutes later by Officers Davis and Hawkins after they had received a police radio call and after they saw him enter a pickup truck about a block from the Baskin-Robbins Store. The other man named Parello was also apprehended. Prymarks were found on the aluminum door frame of the building and Officer Adams identified appellant as the shorter of the two men he had observed.

Testifying in his own behalf, appellant related he was seeking a ride to his home in Sour Lake and that Parello offered him a ride home if he would first ride into Port Arthur with him, which appellant did. He testified that Parello left him sitting in the pickup and that when he got tired of waiting he walked around the block looking for Parello and came abreast of the building in question just as the police drove up, and that he ran because he was on probation.

Appellant contends the court abused its discretion in revoking probation. He claims "[t]he state failed to prove that there was no permission to enter the building at the time."

Cecil Renshaw was not called as a witness.

■ It is a correct statement of the law in this state that where the owner tes-

tifies in a theft case, and fails to state that the property was taken without his consent, that want of consent may not be inferred from the other evidence. Mitchell v. State, 166 Tex.Cr.R. 291, 313 S.W.2d 286. Circumstantial evidence cannot be used to show want of consent unless direct evidence is shown to be unavailable. Casarez v. State, Tex.Cr.App., 468 S.W.2d 412; Dorsey v. State, 172 Tex.Cr.R. 311, 356 S.W.2d 943. On the other hand, in revocation of probation cases, where the owner does not testify, want of consent may be proven by circumstantial evidence. Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Casarez v. State, supra.

■ The facts of this case are sufficient for the court to conclude appellant violated the alleged condition of probation and are further sufficient to authorize this Court to conclude that the want of consent of the owner was adequately established by circumstantial evidence.

Finding no abuse of discretion, the judgment is affirmed.

ONION, Presiding Judge (dissenting).

When this court puts its stamp of approval on "poor proving" in probation revocation proceedings it only breeds more of the same just as this writer predicted in his dissenting opinion in Barnes v. State, 467 S.W.2d 437, 443 (Tex.Cr.App.1971).

The motion to revoke probation here involved was filed on March 13, 1972, and alleged, in part, as follows:

"That said Defendant after receiving said probation violated its (sic) terms by committing the offense of Attempted Burglary on or about January 26, 1972, of the Baskin–Robbins (sic) Store located at 4749 Gulfway Dr., Port Arthur, Texas, did by force, threats and fraud, attempt to break and enter a house there situated (sic) and occupied by Cecil Renshaw with the intent then and there to fraudulently take therefrom corporeal

personal property then and therein and belonging to the said Cecil Renshaw from the possession of the said Cecil Renshaw without the consent of the said Cecil Renshaw and with the intent to deprive the said Cecil Renshaw of the value of the same and to appropriate it to the use and benefit of him, the said Doyle Wayne Sizemore and the said Doyle Wayne Sizemore did then and there in carrying out said design to break and enter said house with the intent aforesaid attempt to pry open the lock on the door of said house, with the intent then and there to so enter, . . . ."

On August 4, 1972, the court conducted a hearing on the motion to revoke probation and at the conclusion thereof revoked probation.

While the majority's opinion sets out the evidence, the motion to revoke alleged the commission of an attempted burglary and I find no evidence as to lack of consent of the alleged owner, Cecil Renshaw, who was not called as a witness, to support the allegation made.

The only evidence as to ownership of the building came, over objection, from Officer Adams that the owner was one Cecil Renshaw.

At the close of the evidence, upon the appellant's motion for an instructed judgment of acquittal, the obviously concerned trial court inquired of the prosecutor about the lack of evidence concerning the alleged lack of consent of the owner. The prosecutor responded that, if the court was not satisfied, the testimony could be produced; that the owner had testified at an examining trial (evidence of which was not introduced), and that the State relied upon "the total circumstances in the case." The trial court subsequently agreed.

In 55 Tex.Jur.2d Theft § 185, p. 445, it is written:

"Where positive and direct proof is available, want of consent cannot ordinarily be shown by circumstantial evidence. The best evidence of want of consent is the testimony of the owner, and circumstantial evidence is inadmissible to show want of consent unless it appears that the owner is inaccessible by the use of ordinary diligence or is beyond the reach of legal process. Thus where the owner is present and has failed to give direct and positive testimony as to his want of consent to the taking, such want of consent will not be inferred from other circumstances in the evidence. But want of consent may be proved by circumstantial evidence when the owner is dead or is incompetent to testify, or where without fault on the part of the state direct testimony cannot be produced, or where it is alleged that the owner is unknown, or where no objection is made when the evidence is offered."

There is no reason why such a rule is not also applicable to attempted burglary cases.

In the instant case the State offered no proof that the owner was inaccessible by use of ordinary diligence or was beyond the reach of legal process. In fact, the contrary appears.

The majority recognizes the rule but in effect holds that in probation revocation proceedings the State is to be relieved of having to show that the owner was inaccessible or beyond the reach of legal process merely because of the nature of the proceedings. Reliance is had upon Barnes v. State, 467 S.W.2d 437 (Tex.Cr. App.1971), and Casarez v. State, 468 S.W. 2d 412 (Tex.Cr.App.1971), in which this writer dissented.

Today's holding is just another example of the "anything goes" approach by the majority to all matters dealing with probation revocation proceedings.

It is well established that, when a probationer is accused of having violated his probationary conditions by committing a

penal offense, he is not entitled to a trial and a conviction in a court of competent jurisdiction for the offense which is the basis of the revocation. Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969), and cases there cited. Further, the probationer is not entitled to a jury trial to determine if his probation should be revoked. Article 42.12 § 8, Vernon's Ann.C.C.P.; Hulsey v. State, supra.

In view of these facts the court has repeatedly said, in part, that, once granted, probation should not be arbitrarily withdrawn by the court, and the court is not authorized to revoke without having found that the probationer has violated conditions of his probation. Wozencraft v. State, 388 S.W.2d 426 (Tex.Cr.App.1965). And the burden of proof in a revocation proceeding to show a violation of a probationary condition rests upon the State. See Zane v. State, 420 S.W.2d 953 (Tex.Cr.App.1967); Campbell v. State, 456 S.W.2d 918 (Tex. Cr.App.1970); Perry v. State, 459 S.W.2d 865 (Tex.Cr.App.1970); Hulsey v. State, supra.

Now, however, the majority has recently decided that a probationer's appointed counsel is not entitled to ten (10) days to prepare for the hearing despite the clear wording of the statute, Hill v. State, 480 S.W.2d 200 (Tex.Cr.App.1972), and that the burden of proof is something less than beyond a reasonable doubt without designating what the burden of proof should be. Kelly v. State, 483 S.W.2d 467 (Tex.Cr. App.1972). And today's opinion holds that although alleged the State need not, in an attempted burglary case used as the basis for revocation, prove the lack of consent of the owner by direct evidence but may rely upon circumstantial evidence even though the State has not shown the unavailability of the owner, and this is true in cases, like the instant one, "where the owner is actually available." The normal rules of evidence are twisted and turned merely because of the nature of the proceedings without regard to fair play or due process.

I dissent and shall continue to dissent to the continuing efforts of the majority to lower the standards applicable to revocation of probation hearings when the trend should be in the opposite direction in this day and age of continuing improvement in criminal procedure and fairness in all criminal proceedings.