Hubert Raynard COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46790.

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

---

1. The trial court did not have the benefit of *Romero* at the time of this trial, it having not then been decided.

Nelson Quinn, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim P. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the offense of wilful destruction of property under the value of $50.00, belonging to a school district. Punishment was assessed by the jury at sixty days in jail and a fine of $100.00.

The information alleged that on February 2, 1972, appellant "did unlawfully and wilfully destroy one plate glass window belonging to and owned by Abilene Independent School District of the value of over $5.00 and under $50.00 without the consent of the said owner by then and there kicking his foot against and into said plate glass window."

The evidence reflects that appellant kicked out a plate glass window pane from the bottom of a door of the administration building of Abilene High School.

The manager of the Swinney Glass and Paint Company in Abilene testified that he replaced the plate glass window at a cost of $12.98 to the Abilene Independent School District. On cross-examination he stated that the cost of the glass itself was $4.98, but $8.00 had been charged for labor and installation.

In his four grounds of error appellant contends that there is a fatal variance between the information and the proof because the evidence shows the value of the destroyed plate glass window to be less than $5.00 while the information alleges a "value of over $5.00."

Article 1350(3)(b), Vernon's Ann.P.C., provides:

"When the value of the property destroyed or the extent of the injury inflicted is under the value of Fifty ($50.00) Dollars, he shall be fined not exceeding One Thousand ($1,000.00) Dollars or be confined in the county jail for not more than one (1) year, or be both fined and imprisoned."

When not descriptive of that which is legally essential to the validity of an indictment or information, unnecessary words may be rejected as surplusage. See Cohen v. State, 479 S.W.2d 950 (Tex.Cr. App. 1972); Malazzo v. State, 165 Tex. Cr.R. 441, 308 S.W.2d 29 (1957); see also Keenan v. State, 120 Tex.Cr.R. 616, 48 S. W.2d 264 (1932).

In Malazzo v. State, supra, the defendant was charged with the offense of burglary and the indictment unnecessarily alleged that a television set had been taken "of the value in excess of $25.00." It was held that the allegation as to the value of the television set was pure surplusage and could be disregarded as such. The rationale offered was that where the value of the property alleged to have been stolen neither determines whether the offense is a felony or a misdemeanor nor controls the punishment applicable to the offense, the allegation as to its value is not descriptive of the offense and need not be proven. The same rationale is applicable in the instant case. The reference in the information to a "value of over $5.00" is clearly unnecessary to the information's validity under the statute. The unnecessary words "over $5.00 and" may be considered surplusage.

Disregarding the surplusage, proof of the value of the broken pane of glass is sufficient and there is no variance between the allegation and the proof.

The judgment is affirmed.

Opinion approved by the Court.