Julius Schwartz v. The State.

No. 3884. Decided May 6, 1908.

**1.—Theft—Charge of Court—Value.**

Where upon trial for theft of property over the value of $50, it was in evidence that the alleged property had been in use some time and was worth $15, the indictment charging the theft of this property and $41 in money, the court's charge peremptorily instructing the jury that if they found a fraudulent taking to find defendant guilty of theft of property of the value of $50 or over, was reversible error.

**2.—Same—Charge of Court—Impeaching Witness.**

Where upon trial for theft, the evidence raised the issue of impeaching State's witnesses, and the court charged the jury that if the statements of said witnesses were not absolutely disproved by defendant's witnesses they could not be disregarded, the same was reversible error.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of theft over the value of $50; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. M. Chambers,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The appellant was convicted in the District Court of Bexar County for the crime of theft of property over the value of $50, and sentenced to a term of five years confinement in the penitentiary.

1. There are a number of questions presented by appellant and relied on as grounds for reversal. The property alleged to have been stolen was an iron safe which the indictment averred to be of the value of $15, and $41 in money. It was in evidence that the safe was an old one, having been used some seven or eight years, and that it was of the value of $15. By our statute in order to make the theft a felony, the property must have been of the value of $50 or more, and the value of the property became, of course, an issue in the case and it was indispensable that the proof should show such value. In this condition of the record, the court charged the jury as follows: "Now, if from the

evidence you are satisfied beyond a reasonable doubt that the defendant, Julius Schwartz, in the County of Bexar and State of Texas, at or about the time charged in the indictment fraudulently took from the possession of R. Bluemel the iron safe and money described in the indictment and that the same was the property of R. Bluemel without the consent of the said Bluemel, with intent to deprive the owner of the value of the same and to appropriate it to the use or benefits of him, the said defendant, Julius Schwartz, then you will find the defendant guilty of theft of property of the value of $50 or over and so say by your verdict and assess his punishment at confinement in the penitentiary for not less than two nor more than ten years." Nowhere in the charge was the jury permitted to pass on the value of the safe, but, as will be noted, they were peremptorily instructed that if they found from the evidence that appellant fraudulently took the safe and the money, that they would find him guilty of theft of property of the value of $50 or over and so say by their verdict. We think under the facts of this case, this was error. It will be noted that the jury was by the charge of the court required to find that Bluemel was the owner of the property and that it was taken without his consent and, yet, there was no suggestion in the testimony that the property did not belong to Bluemel, but on the contrary the testimony of all the witnesses established beyond controversy that it was his property. We understand the rule to be well-nigh universal that the jury is required to find every issuable fact from the testimony beyond reasonable doubt and that rarely in a criminal case is the court permitted to assume, as proven, any fact necessary to a conviction or any necessary fact to be proven, affecting the grade of the offense of which a citizen is charged. Our courts have zealously stood ever for the doctrine that the jury are the exclusive judges of the facts proven. It has been held in many cases that it is improper for the judge, in charging a jury in criminal cases, to assume that any fact has been proven against the defendant, however strong the evidence may be. White v. State, 13 Texas, 133; Webb v. State, 8 Texas Crim. App., 115; Baker v. State, 6 Texas Crim. App., 344. It has been held again, that when the offense for which defendant is on trial consists of degrees, the charge is objectionable if it assumes that the accused is guilty of one or the other of the offenses. Haynes v. State, 2 Texas Crim. App., 84; Warren v. State, 22 Texas Crim. App., 383. Values are always largely a matter of opinion and a statement of value is not to be received always as conclusive or necessarily to be accepted by the jury and this without reference to the jury's belief in the honesty and fairness of the witness, and while it has been held that where the facts are admitted to be true, or are shown beyond any doubt without contest, the court in his charge may so assume without infringing the rule inhibiting a charge upon the weight of evidence, and that where there is no conflict in the testimony and no room to doubt or hesitate as to a matter of fact in issue, the charge ought not to assume that it is or may be doubtful (Elisando v. State, 31

Texas Crim. Rep., 237; Jackson v. State, 25 Texas Crim. App., 314; Fahey v. State, 27 Texas Crim. App., 146; Nelson v. State, 35 Texas Crim. Rep., 205; Holliday v. State, 35 Texas Crim. Rep., 133; Pearce v. State, 35 Texas Crim. Rep., 150; Tracy v. State, 44 Texas, 9); this doctrine should rarely be applied in charges to the jury; nor do we believe that in respect to a matter of value concerning an article, such as a second-hand safe, that the mere expression of opinion by one or two witnesses ought to be held to so conclusively establish the fact as that a judge is authorized to assume the value so incontestably proven as to take this matter from the jury.

2. In this case the State relied largely for conviction upon the testimony of two witnesses, Seibert and Williams, to show the connection of appellant with the crime charged. On cross-examination a predicate was laid for the purpose of contradicting these witnesses by showing that they had made statements to the effect, in substance, that the theft was committed by other persons named and that appellant had no part or parcel in it and was not connected with it in any manner. The evidence shows that if the impeaching witnesses are to be believed, that these two witnesses, Scibert and Williams, had in effect made statements entirely exonerating appellant. In this state of the case the court charged the jury as follows: "The defense has introduced evidence to show that the State's witnesses, Harvey L. Williams, Richard Bluemel and Bert Siebert, have made different statements than that given in their evidence now before you. Such evidence is introduced to have you disbelieve and not accept as true, and to refuse to give credence to the testimony of said witnesses, Harvey L. Williams, Richard Bluemel and Bert Siebert. It goes to both the discredit of the impeached witnesses and the falsity of the testimony impeached, and it is for you to say, whether such impeached evidence does or does not absolutely disprove and falsify the evidence of aforesaid witnesses." It is contended by appellant, in the first place, that when evidence has been introduced to impeach a witness by showing different statements made than those made on the witness stand, that no charge was necessary as to why, or the purpose for the admission of the testimony, and if one is required or given, that a charge which in effect requires the jury to believe that the impeaching statements should absolutely disprove and falsify the evidence of the witness given in court, is in any event misleading and erroneous. We think, at least, this last contention must be sustained. It has been held that where evidence has been introduced impeaching a witness for truth and veracity, it is not required of the court to charge as to the purpose and effect of such impeaching testimony and that a general charge that the jury are judges of the weight of the testimony and credibility of the witnesses is sufficient. Givens v. State, 35 Texas Crim. Rep., 563. It has also been held that where testimony is introduced simply to impeach defendant's witness, and without attempting to prove that such witness had made statements of criminating facts against the accused, it is

not necessary to instruct that the testimony is to be restricted to the purpose for which it was admitted. It is doubtful in this case if any charge was required at all with respect to the impeaching testimony, but certainly it was erroneous for the court in effect to instruct the jury that the statements proven by way of impeachment should absolutely disprove the testimony given on the witness stand. Under this charge the jury could have well understood· that from the impeaching statements they might have serious doubt as to the correctness and truthfulness as to the testimony given on the witness stand, but that if such statements outside of the court were not of that conclusive character as to absolutely disprove the testimony given on the stand that they should be disregarded. We think that this portion of the court's charge was erroneous and probably injurious to the rights of appellant.

There are many other questions raised in the brief of appellant, but we deem it unnecessary to discuss same as they will be passed on in the companion case. For the errors above discussed, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*