## WILLIE BENSON v. THE STATE.

### No. 3727. Decided June 6, 1908.

**Murder—Charge of Court—Impeachment.**

Upon trial for murder where the State introduced contradictory testimony of the defendant's witnesses, it was error of the court to assume that such evidence did in fact impeach, discredit or affect the weight of the testimony, or that it must absolutely disprove or falsify the same.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The facts of this case will be found in the former appeal, 51 Texas Crim. Rep., 367.

*W. N. Camp* and *Chester H. Terrell,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is the second appeal. On the former trial the jury gave appellant the death penalty. The judgment was reversed, and appellant on the last trial was given twenty-five years confinement in the penitentiary.

The main features of the testimony for the State are practically the same on this as on the former appeal. However, the witnesses for the State were in some respects impeached or contradicted on this trial by their statements on the former trial, showing their testimony to be different on the two trials. The defendant's case on the trial from which this appeal is prosecuted is more favorable, his defensive theory being decidedly strengthened. Upon the last trial it was shown that a knife was picked up at the scene of the homicide where the body of deceased fell when appellant shot. This knife, subsequent to the other trial, was traced into the hands of the police officers, which was unknown to appellant on the former trial. His contention on both trials, however, was that the deceased was making an assault on him with a knife at the time he shot him. Appellant and one of his witnesses are also met with contradictory statements; so that the court gave instructions to the jury in regard to this character of impeachment, and these charges furnish one of the grounds of assigned errors. That portion of the charge in regard to the question is as follows: "A witness may be impeached by proving that he or she has sworn differently from what he or she does before you concerning matters material and relevant to the issue. * * * The State introduced portion of the evidence of the witness, Emmet Polk, taken at the inquest trial, and portion of the testimony of Willie Benson taken at his last trial, to impeach them by showing that they had given contradictory testimony on said occasions to that given now. The object of introducing the impeaching testimony is to have you disbelieve and not accept as true, and to refuse to give credence to the testimony of said Emmet Polk and Willie Benson before you. Such evidence goes to both the discredit of the impeached witnesses and the falsity of the testimony impeached, and it is for you to say whether such impeached evidence, if any, does not absolutely disprove and falsify the evidence of said witnesses given before you; or what weight, if any, you will give same in arriving at a verdict." Impeaching evidence is used for the purpose of affecting the weight of the evidence and the credibility of the witness giving the testimony. It is not the province of the court to assume that the evidence does in fact impeach, discredit or affect the weight of the testimony. This would be a charge upon the weight of the testimony and an assumption that such testimony was impeached and discredited. The testimony is only introduced for the purpose of affecting the credibility of the witness, and to enable the jury to attach weight to it as they may think proper. They may or may not believe the testimony so attacked, or they may or may not believe the attacking testimony. Nor has the rule ever been extended,

so far as charges are concerned, so far as we are aware, that this testimony must absolutely disprove or falsify the evidence. It is not necessary to do this under the law. It is only for the purpose, as before stated, of affecting the credibility of the witness and to enable the jury to pass upon the weight of said testimony, and they can take it altogether and give such weight to either or both as they may see proper. This charge, we think, is erroneous, and injuriously so.

A discussion of the other questions is pretermitted.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Brooks, Judge, absent.