**Lee Archie HARRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–169–CR.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1984.

Jim Skelton, Houston, for appellant.

Joe Price, Groveton, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted of murder by a jury and given a twelve-year sentence in the Texas Department of Corrections by

the jury. Appellant has perfected appeal to this Court on two grounds of error. The first ground follows:

"The court's charge to the jury is fundamentally defective as it provides an alternative culpable mental state not alleged in the indictment."

The indictment tracks the wording of *TEX.PENAL CODE ANN. sec. 19.02(a)(2)* (Vernon 1974), reading in pertinent part as follows:

"Lee Archie Harrell ... on or about the 9th day of October A.D. 1982, ... did then and there intending to cause serious bodily injury to an individual, Robert McCormick, commit an act clearly dangerous to human life, to-wit: did then and there cut and stab the said Robert McCormick with a knife thereby causing the death of said individual ...."

The Court's charge to the jury, in pertinent part, provides:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of October, 1982, in Polk County, Texas the defendant, Lee Archie Harrell, did then and there intend to cause serious bodily injury to the said Robert McCormick, and with said intent to cause such injury did intentionally *or knowingly* commit an act clearly dangerous to human life, to wit, cutting and stabbing the said Robert McCormick with a knife, and did thereby cause the death of the said Robert McCormick, as alleged in the indictment, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of murder." (emphasis supplied)

■ It is the addition of the concept "or knowingly" in the charge (not contained in the indictment or the Penal Code partially reproduced above) of which appellant complains. There was no objection to the charge on this ground; therefore, we may only consider such as error if such is fundamental error. *Plunkett v. State*, 580 S.W.2d 815 (Tex.Crim.App.1978); *Leal v. State*, 626 S.W.2d 866 (Tex.App.—Corpus Christi 1981, no writ); *Garrett v. State*, 624 S.W.2d 953 (Tex.App.—San Antonio 1981, no writ).

Appellant cites us *Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex.Crim.App.1983), in which appellant was indicted under the same statute we consider in this opinion, *TEX.PENAL CODE ANN. sec. 19.02(a)(2).* A panel decision had concluded that the indictment was wanting in that there was an absence of a culpable mental state under *TEX.PENAL CODE ANN. sec. 6.02,*[1] preceding the phrase "commit an act clearly dangerous to human life," etc.

After the State's motion for rehearing, the Court en banc held (at 80):

"The culpable mental state required by Section 6.02, supra, is supplied in the indictment in the case at bar by the phrase: '... intending to cause serious bodily injury.' "

■ We think appellant's reliance on *Lugo-Lugo, supra*, is misplaced, and the addition to the charge in the case at bar of the mental state of knowledge placed a greater burden on the State than required.

The State cites us *Robinson v. State*, 630 S.W.2d 394 (Tex.App.—San Antonio 1982, disc. rev. ref'd), which while not identical with the case at bar, has language and analogy which strengthens our view. *Robinson v. State* deals with the question of a

---

1. TEX.PENAL CODE ANN. sec. 6.02(a) (Vernon 1974) provides: "Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires."

TEX.PENAL CODE ANN. sec. 6.02(b) (Vernon 1974) provides: "If the definition of an offense does not prescribe a culpable mental state, a

culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

TEX.PENAL CODE ANN. sec. 6.02(c) (Vernon 1974) provides: "If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

lesser mental state in the context of a prosecution for attempted murder. There, the appellant contended the criminal attempt statute applied only to an offense which can be committed intentionally and by applying it to a crime capable of commission under a knowing mental state, improperly permitted a conviction without proof of an essential element. The Court of Appeals rejected this contention, writing that "the jury having found that the attempt was with specific intent, it matters not that they also found that the attempt was made knowingly rather than intentionally," reasoning (at 399):

"We hold that the finding by the jury that the attempt was either knowingly made or intentionally made is surplusage and that the required culpable mental state is supplied by a finding that the act was performed with the specific intent to commit the offense intended. To require an additional culpable mental state would result in a jury finding that an offense was committed intentionally with specific intent *or* that it was committed knowingly with specific intent. In either case a specific intent would be present and would suffice to supply the requirement of Tex.Penal Code Ann. sec. 6.02 (Vernon 1974)."

This ground of error is overruled.

Appellant's final ground of error follows:

"The court's charge to the jury is fundamentally defective as it omits essential elements in its instructions on voluntary manslaughter and self-defense."

We quote from appellant's brief to make clear this ground:

"That portion of the charge attempting to submit voluntary manslaughter in paragraph 5 omits two essential elements—the date the offense occurred and the county and state where the offense occurred. Then in paragraph 12 where the Court submitted self-defense, these two essential elements, date and place are omitted."

Of course, a charge that omits an essential element of an offense is fundamentally defective. *Evans v. State*, 606

S.W.2d 880 (Tex.Crim.App.1980), *overruled on other grounds*, 653 S.W.2d 1, 5 (Tex. Crim.App.1982). Further, a charge that fails to apply the law to the facts proven in a case is also fundamentally defective. *Perez v. State*, 537 S.W.2d 455 (Tex.Crim. App.1976); *Harris v. State*, 522 S.W.2d 199 (Tex.Crim.App.1975). However, a charge must be read as a whole and a review should not be limited to one part. *Crocker v. State*, 573 S.W.2d 190 (Tex.Crim.App. 1978).

Appellant's first complaint is of paragraph 5 for omitting the date and the venue. This paragraph refers to the "occasion in question", which information is fully set forth in paragraph 4. Appellant complains of the same omissions in paragraph 12. This paragraph makes reference to the indictment in its language "as alleged". In both instances, the charge, read as a whole, shows that the date and the venue of the offense are set forth twice. Both appellant and the jury were apprised of the date and venue. This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.