**Donnie Markle MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–88–01205–CR.

Court of Appeals of Texas, Dallas.

Feb. 14, 1990.

Discretionary Review Refused May 30, 1990.

J. Thomas Sullivan, Little Rock, Ark., Mike McCollum, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before STEWART, LAGARDE and BURNETT, JJ.

OPINION ON REHEARING

STEWART, Justice.

Appellant's motion for rehearing is granted, we withdraw our opinion dated January 2, 1990. This is now our opinion.

Donnie Markle Morris appeals her jury conviction for the offense of failure to leave information following an automobile collision. Punishment was assessed at thir-

ty days' confinement, probated for six months, one condition of which was payment of $100 restitution. In six points of error, appellant complains that: (1) the statute under which she was convicted is unconstitutionally vague; (2) the evidence is insufficient to prove that appellant failed to provide a vehicle registration number; (3) the evidence is insufficient to prove criminal intent; (4) the jury charge failed to define vehicle registration number; (5) the jury charge failed to require proof of all elements of the offense charged; and (6) an element of the charge alleged in the information was deleted from the jury charge. We affirm the judgment of the trial court.

Earnesto Pena testified that he was driving to work when appellant drove through a red light and crashed into his car, causing over $200 in damage. Pena asked appellant to give him her driver's license and insurance number, but appellant said that she did not understand his English. Appellant gave Pena a piece of paper with her name and telephone number written on it, but she did not ask Pena for any information. Appellant asked Pena to take her to get help; he took her to a Steak–n–Egg Restaurant. At the restaurant, appellant still refused to give Pena her driver's license or insurance number, so Appellant called his wife, who called the police. Appellant did not want to return to the scene of the accident with Pena to wait for the police, and she never returned to the scene of the accident while the police or Pena were there. Pena did not look at or write down appellant's license plate numbers.

Dallas Police Officer Dan Larkin, who investigated the accident, testified that he observed the license plate numbers on both cars at the scene of the accident and that appellant never returned while he was at the scene. Officer Larkin further testified that he was able to communicate with Pena in English.

Dallas Police Officer Donald Keith testified that he met appellant at the pound when she tried to reclaim her car, which had been impounded and held for hit-and-run. Appellant told Keith that she had been driving the car at the time of the collision with Pena and that she had left the scene of the accident because she did not have automobile insurance.

Appellant testified in her own behalf that she was frightened and nervous and that she could not understand Pena's English. Appellant gave Pena her driver's license and a piece of paper with her name and telephone number on it. Appellant's car was gone when she eventually returned to the scene of the accident. Appellant denied that she told Officer Keith that she did not have insurance at the time of the accident.

■ In her first point, appellant contends that article 6701d, sections 39 and 40 [1] of the civil statutes is unconstitutionally vague in violation of the constitutions of the United States and Texas. The State initially argues that appellant has waived any error because she did not raise her constitutional objection at trial. Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for the first time on appeal. *Rabb v. State*, 730 S.W.2d 751, 752 (Tex.Crim.App.1987). Accordingly, we will address appellant's constitutional challenge.

■ Appellant argues that sections 39 and 40 fail to afford sufficient notice of what number identifying a vehicle must be provided following an accident. Section 39 provides criminal penalties for failure to comply with section 40. Section 40 provides in pertinent part:

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator's ...

---

1. Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 39 and 40 (Vernon 1964) will be referred to as sections 39 and 40.

license to the person struck or the driver or occupant of or any person attending any vehicle colliding with ...

Appellant contends that there are at least four possible definitions of "registration number of the vehicle": motor number, serial number, license plate number, or manufacturer's permanent vehicle identification number. *See* Tex.Rev.Civ.Stat.Ann. art. 6687–1, § 24 (Vernon 1964).

■ Courts consistently have held that criminal prosecution can be predicated only on statutes drawn with sufficient precision to enable those subject to their authority to understand what conduct is proscribed. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). Penal statutes must afford notice of what conduct is deemed criminal to ensure an opportunity for compliance and to limit discretion in the enforcement to a proper exercise of discretion. *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974). This formulation also has been applied in Texas decisions evaluating vagueness attacks on state legislation. In *Ex parte Halsted,* 147 Tex.Crim. 453, 182 S.W.2d 479, 482 (1944), the Court of Criminal Appeals held:

A law must be sufficiently definite that its terms and provisions may be known, understood and applied ... [A]ny Act that is so vague, indefinite, and uncertain as to be incapable of being understood is void and unenforceable. A void law affords no basis for criminal prosecution.

The question for this Court is whether sections 39 and 40 give sufficient notice of the meaning of vehicle registration number.

Articles 6675a–2 and 6675a–3e of the civil statutes support the conclusion that vehicle registration number and license plate numbers are synonymous. Article 6675a–2 provides in pertinent part:

(a) Every owner of a motor vehicle ... used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each vehicle owned or controlled by him for the ensuing or current

calendar year or unexpired portion thereof....

Article 6675a–3e provides in pertinent part:

Section 5. Any person who operates a passenger car or a commercial motor vehicle upon the public highways of this State at any time during any month of a motor vehicle registration year without having displayed thereon, and attached thereto, two (2) license number plates, one (1) plate at the front and one (1) at the rear, which have been duly and lawfully assigned for said vehicle for the current registration year or have been validated by the attachment of a symbol, tab, or other device for the current registration year, shall be guilty of a misdemeanor....

Appellant argues that articles 6675a–2 and 6675a–3e provide for registration, which is an act. The result of registration of a vehicle under the civil statutes is receipt of vehicle license plate numbers. The other possible definitions asserted by appellant, i.e., motor number, manufacturer's permanent vehicle identification number, and serial number, are not assigned to a motor vehicle by the State highway department.

■ To be unconstitutionally void for vagueness, a penal statute must either forbid or require the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application, thus violating the fair notice requirements of due process of law. *Papachristou,* 405 U.S. at 162, 92 S.Ct. at 843; *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979). Due process merely requires that the law give sufficient warning so that people may conduct themselves so as to avoid that which is forbidden. *McCarty v. State,* 616 S.W.2d 194, 196 (Tex.Crim.App.1981). It is not required that the statute demark the limits of an offense with algebraic exactitude. *Boyce Motor Lines v. U.S.,* 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1952). We conclude that when sections 39 and 40 are read in conjunction with articles 6675a–2 and 6675a–3e, it is sufficiently clear that vehicle registration number as

used in section 40 means license plate number. Appellant's first point is overruled.

In her second and third points, appellant complains generally that the evidence is insufficient to support her conviction and specifically that there is insufficient evidence that she knowingly failed to provide Pena with her license plate number. Appellant contends that there is no evidence of an attempt by her to fail to provide Pena with the required information.

In reviewing the sufficiency of the evidence, this Court's inquiry is limited to determining whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1974); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App. 1982). The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). The jury is entitled to accept one version of the facts and to reject another. *Id.*

The evidence adduced at trial is as follows. Pena testified that appellant drove through a red light and hit his car, causing more than $200 in damage. Pena asked appellant in English for her driver's license and insurance numbers, but appellant was angry and told Pena that she did not understand him. Appellant gave Pena a piece of paper with her name and telephone number written on it. Pena told Officer Larkin that he did not get appellant's driver's license, registration number, and insurance information.

The State was required to prove that appellant failed to furnish both her address and her vehicle registration number since the trial court instructed the jury in the conjunctive. *Yates v. State*, 766 S.W.2d 286, 288–89 (Tex.App.—Dallas 1989, pet. ref'd). Appellant concedes that there was no testimony to show that she provided Pena with her address. However, appellant argues that the evidence is insufficient to prove that she knowingly failed to furnish Pena with her vehicle registration number.

Appellant contends that there is no evidence that she attempted to conceal the license plate number and, indeed, that she furnished Pena with her vehicle registration number because she left her car at the scene of the accident until the police impounded it. Appellant argues that Pena should have looked at her car and written down the vehicle registration number. Appellant's argument places a nonexistent duty on Pena under sections 39 and 40 to independently take notice of appellant's vehicle registration number. The statute clearly provides that the defendant "shall give" the required information to any other person involved in the accident. We conclude that the statute does not charge a complainant with a duty to independently obtain the information and that merely leaving her car where Pena could read her license plates did not discharge appellant's mandatory duty under the statute to give Pena her vehicle registration number.

Appellant argues that because her license plate number was readily available to Pena, the State did not prove that she knowingly failed to furnish her license plate number. The Court of Criminal Appeals has held that the culpable mental state of failing to stop and render aid, or to stop and provide the required information, is that the defendant have knowledge of the circumstances surrounding his conduct, i.e., have knowledge that an accident has occurred. *Goss v. State*, 582 S.W.2d 782, 785 (Tex.Crim.App.1979). The record clearly reflects that appellant had knowledge that an accident had occurred. Therefore, appellant acted knowingly under *Goss*. Appellant's voluntary act was her failure to give the statutorily required information to Pena. We conclude that, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found that appellant knowingly failed to give Pena her address and her vehicle registration number (*i.e.* license plate number) beyond a reasonable doubt. Appellant's second and third points are overruled.

456

In her fourth point, appellant complains that the trial court erred in refusing to define the term "registration number" in its charge to the jury. Appellant argues that registration number does not have an accurately discernible, common meaning. Appellant complains that, because the jury was not guided in its deliberations as to exactly what the State was required to prove with respect to appellant's alleged failure to supply her registration number to Pena, the trial court erred in failing to give a definitional instruction. The application paragraph tracked the language of the information:

... the said Defendant did then and there knowingly fail to give to said ERNEST ROMERO PENA, the occupant of said vehicle so collided with, the registration number of said motor vehicle driven by the said Defendant and the address of said Defendant at the time or immediately after said striking or collision, you will find the Defendant guilty as charged in the information....

Defense counsel objected to this instruction on the ground that the trial court had failed to give the jury an instruction which set forth the definition of the term "registration number" since the phrase could refer to several different numbers. The trial court overruled appellant's objection.

Since we have concluded under appellant's first point of error that the civil statutes make it clear that vehicle registration number means license plate number, no definition was necessary. *Phillips v. State*, 597 S.W.2d 929, 937 (Tex.Crim.App. 1980). Further, any possible error in refusing the requested definition was harmless under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984), because the record reflects that appellant failed to give Pena any number which would identify her vehicle. The evidence is clear that appellant failed to give Pena her vehicle registration number, and any error in omitting the requested instruction was harmless. Appellant's fourth point is overruled.

In her fifth point of error, appellant contends that the trial court committed fundamental error in failing to charge the jury on all necessary elements of proof in the State's case. Appellant argues that no offense is committed unless the accused fails to provide all five of the items of information required in section 40 (name, address, registration number of accused's vehicle, his motor vehicle liability insurer, and, if requested and available, his operator's license), because these requirements are listed conjunctively. She also relies on the literal language of section 39: "The driver of any vehicle involved in an accident resulting only in damage to a vehicle ... in every event shall remain at the scene of such accident until he has fulfilled the requirements of Section 40.... Any person failing to stop or to comply with said requirements shall be guilty of (a misdemeanor)."

Appellant argues that, because the State was required to prove a failure to comply with "the requirements of Section 40" in order to obtain a conviction under section 39, the trial court's failure to charge on three of the section 40 requirements omitted three elements of proof in the State's case and impermissibly lowered the State's burden of proof. Thus, she maintains that the trial court failed to include all necessary elements of the statute in its charge, thereby committing fundamental error which requires reversal under *Almanza v. State*, 686 S.W.2d 157, 171–72 (Tex.Crim. App.1984).

We agree that when the trial court omits required elements of an offense from the charge or from the application paragraph of the charge, a conviction is fatally defective. *Doyle v. State*, 631 S.W.2d 732, 735 (Tex.Crim.App.1982) (on State's motion for rehearing). Thus, we must determine the elements of an offense under sections 39 and 40.

The State construes the conjunctive listing of the section 40 requirements to mean that a driver involved in an accident must provide all of the required information to avoid committing an offense under section 39. It argues that appellant cites no authority for her proposition that an offense is committed only if a driver fails to provide all of the required information and

that, in fact, there is no authority for such a skewed reading of the statute. We agree with the State's construction of these sections.

The sub-heading of section 40 reads, "Duty to give information and render aid." The section then lists conjunctively five items of information that the driver involved in an accident "shall give" to the driver or occupant of or person attending the other vehicle(s) involved. We construe this language to mean that a driver violates his or her statutory duty under section 40 unless he or she provides all of the required information contained in that section. We likewise construe section 39 to mean that a driver has not "fulfilled the requirements of Section 40" unless he or she has provided all five of the items of information listed in that section.

Based on our construction of the statutes involved, we conclude that proof of non-compliance with any one of the section 40 requirements is sufficient to constitute an offense under section 39. Accordingly, we hold that the trial court did not err in failing to charge on all five of the requirements of section 40. We overrule appellant's fifth point.

■ In her sixth point of error, appellant asserts that the trial court committed fundamental error in deleting an element of the offense charged in the information from the application paragraph of the charge. The information charged that appellant committed a violation of sections 39 and 40 by failing to give her name, address and vehicle registration number to the complainant following an accident involving their motor vehicles. In its application paragraph, the trial court deleted the reference to appellant's failure to give her name to the complainant. At trial, both Pena, the complainant, and appellant testified that appellant did give her name to Pena. Appellant argues that she suffered egregious harm by the trial court's deletion, because the State could not have met its burden of proving in the conjunctive the elements of the offense it alleged in the information, that is, that the State would have failed to prove the allegation in the

information that appellant did not give her name to Pena, which would have sustained an acquittal either by the jury or upon appellate review. We disagree.

■ We conclude that the allegations of appellant's failure to give her name, address and vehicle registration number are three alternative means by which an offense under sections 39 and 40 is committed. Where the statute sets forth several ways or means by which an offense may be committed and those ways or means are subject to the same punishment, they may be charged conjunctively in one count. *Ortiz Salazar v. State*, 687 S.W.2d 502, 504 (Tex.App.—Dallas 1985, pet. ref'd). It is only necessary for the State to prove one of these means, and it is proper to charge only on the means supported by the evidence. *Brandon v. State*, 599 S.W.2d 567, 577 (Tex.Crim.App.1979). Here, the State offered proof to support two of the alleged means, but the undisputed evidence did not support submission of the third. The trial court properly charged only on the two means supported by the evidence. *Id.* We overrule appellant's sixth point.

The judgment of the trial court is affirmed.