Elbert WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–91–142 CR.

Court of Appeals of Texas, Beaumont.

Aug. 12, 1992.

Rehearing Denied Sept. 3, 1992.

Michael Askins, Lufkin, for appellant.

Ed C. Jones, County Atty., Lufkin, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

On October 19, 1990, an information was filed charging the Appellant with the offense of theft. A juried proceeding followed. The Appellant was found guilty of the offense as charged. The punishment went to the bench. The Appellant was sentenced to a $500 fine and six months confinement. The jury returned this verdict: "We, the jury, find the Defendant guilty as charged" signed by the presiding juror.

The information alleged that the Appellant had exercised control over one jar of Noxema skincream, one Efferdent, one picture frame and one box of shotgun shells of the value of more than $20 but less than $200 from Wal–Mart Stores, Inc., d/b/a Wal–Mart Discount # 140, owner of the items and against its consent. The six months imprisonment was to be served in the county jail. The order involved provided that the verdict and finding of guilty should not become final and that no judgment be actually rendered thereon and that the Appellant be placed on probation for a period of six months under a number of conditions of probation.

The Appellant has advanced seven points of error.

■ The Appellant's first point of error is that the trial court erred in admitting into evidence the prosecuting attorney's leading question and allowing it to be answered. As we perceive the question and the answer, there was no harm visited upon the Appellant. But more importantly, we perceive that two other witnesses at two other places in the record testified to virtually the same evidence. Witness Selman and witness Scott made identification of the property that Officer Adams was quizzed about. We overrule point of error one.

■ The second point of error is that the trial court erred in rejecting the Appellant's tender of certain evidentiary matters. The gravamen of this point is that the trial court simply determined that evidence of other occasions and incidents wherein this Appellant's wife wrote certain checks to Wal–Mart was irrelevant and not material to the offense of theft on the date in question. The date was October 19, 1990. That was the crucial date for which the Appellant was charged and later tried for theft. The trial court simply did not permit into the record unrelated transactions with Wal–Mart conducted by the Appellant's wife. The trial court did, however, permit one exhibit reasoning that this admitted exhibit had an indirect connection with the offense. No error was committed. TEX. R.CRIM.EVID. 401, 402. Appellant concedes in his brief that he has cited no authority in support of his point of error number two.

■ The seventh point was that the trial court erred in denying Appellant's motion for a new trial. We have read and analyzed the proceedings in connection with the motion for new trial. The gravamen of the motion for new trial was that there had been an improper conversation between the county attorney and one of the State's witnesses. The thrust of the alleged conversation was that the county attorney had attempted to advise and thereby influence a subsequent witness as to certain facts that a previous witness had testified to.

The two witnesses involved were employees of the store. As we understand the record the witnesses on the motion for new trial (with the exception of the Appellant) denied that such a conversation took place. Again, both the employees as well as the county attorney denied that the subsequent witness was "coached" in any manner. It is correct to state that the hearings on the motion for new trial contained a great number of searching questions posed by the attorney for the Appellant but the answers thereto were uniformly "no" or "no, sir" as to any improper coaching or leading or discussing the testimony of a prior witness with a subsequent witness. The trial judge had a right to weigh these questions and certainly weigh the answers thereto. The trial judge was in a superior position to observe the demeanor, the tenor, the facial expression, the body language and the general conduct of all of the witnesses testifying on the motion for new trial.

An assistant county attorney for Angelina County participated in these hearings. The hearings were very carefully and meticulously conducted. After carefully conducting the hearings involved, the trial court overruled and denied the motion for new trial. There was no error. This point of error is overruled.

Additionally, the trial court correctly decided, we perceive, (although it was the trial court's function and not ours) that the State had not violated the so-called "Rule". The "Rule" is the placing of the witnesses under the Rule whereby they are not to discuss their testimony one with the other. TEX.R.CRIM.EVID. 613. The witnesses can, however, discuss their testimony with the trial lawyers in the case. The county attorney repeatedly and emphatically denied that he had informed a subsequent witness of the testimony of a previous witness. The trial judge was well within his prerogative to weigh this evidence and to determine the merits of the motion for new trial upon the evidence of this witness and other witnesses that were presented before the bench. Indeed, the proceedings on the motion for new trial demonstrate that the Appellant himself was the only witness who actually stated that the county attor-

ney had informed one Derry Scott, who was a witness for the prosecution in the trial on the merits, as to what, if anything, one Susie Selman, another witness in the trial on the merits, had testified to before the jury. With the exception of the Appellant, the other witnesses testified, directly and emphatically, that the county attorney had simply not informed Scott of the previously given testimony. It should be noted and it is important to reflect that the testimony of the Appellant himself was not abundantly clear as to his assertions and as to his verbal allegations. In fact, the Appellant's testimony was unclear and indecisive.

■ The third point of error in the Appellant's brief avers the trial court erred in failing to include the issue of value in the charge itself. It is perhaps interesting to note that the only testimony in the case is that the value of the items taken was in excess of $21. However, more importantly, we note that there were no objections or exceptions leveled at the charge of the court by the Appellant. We carefully note that the trial court questioned both trial counselors and each trial counselor announced that each had no further evidence. We find in the record:

THE COURT: Both sides rest and close?

MR. JONES: Yes, sir.

MR. ASKINS: Yes, sir.

THE COURT: Here is a proposed copy of the charge. Read that, and I'll ask you if you have any objections, outside the presence of the jury.

. . . .

THE COURT: Any objections to the charge from the State, first?

MR. JONES: No, sir.

THE COURT: Any objections from the Defendant?

MR. ASKINS: No, your Honor.

THE COURT: Any requests or submissions from the State?

MR. JONES: No, sir.

THE COURT: And from the Defendant?

MR. ASKINS: No, sir.

This point of review, therefore, was waived. No request was made; no objec-

tion was made; no exception was taken by the Appellant. Any error therefore was waived and we find that no egregious harm to this Appellant resulted. No fundamental error is demonstrated. *See and compare Manry v. State*, 621 S.W.2d 619 (Tex. Crim.App.1981); *Taylor v. State*, 489 S.W.2d 890 (Tex.Crim.App.1973). *See and compare Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on rehearing).

Furthermore, the Appellant places major reliance on *Schwartz v. State*, 53 Tex.Crim. 449, 111 S.W. 399 (1908). In *Schwartz* the property in litigation was shown to be a used safe. The safe was some seven years old or older. The record in our present case is very distinguishable and different from the fact situation in *Schwartz*. The property involved in the appeal at bar was brand new property for sale as new property at a well-known and well-established retail store with set prices. It is significant also to point out that the testimony of one of the witnesses, one Susie Selman, as to the total value of the properties taken was undisputed and uncontroverted. In response to one question, Selman unequivocally testified that the value was correctly $21.20.

As stated above, no fundamental error is shown under this record as to the evidence and testimony proving error. No harmful error is shown. The only testimony as to the value of the purloined items was that the value was $21.20. This value is undisputed.

Susie Selman testified that the total value of the merchandise recovered from the appellant was $21.20. The probativeness of this testimony was not diminished by cross examination. A second time this witness testified that the value of the merchandise involved was at least $20 but less than $200. This was the value of the merchandise taken by the appellant who, the record reflects, had intended to deprive the owner of the items. This witness was cross examined about a so-called "keystoning" method of pricing merchandise. Susie Selman did not know about the so-called "keystoning". She did not know whether Wal–Mart used this method or not. Such negative answers do not create a conflict in the evidence. The appellant proffered no evidence on said issue. The value issue was proved by the State.

The dissenting opinion stresses *Morris v. State*, 786 S.W.2d 451 (Tex.App.—Dallas 1990, pet. ref'd), this being a post-*Almanza* case. *See Almanza, supra*. The dissenting opinion's quotation from *Morris* is accurate as far as it goes. Morris' conviction was affirmed, Justice Stewart reasoning that the trial court's deletion of an element of the offense from the application paragraph of the charge did not result in egregious harm to Morris. The element had been set out in the information. Justice Stewart's rationale, basically, was (that where a statute sets forth several ways or means by which an offense may be committed) the jury may be charged conjunctively citing *Ortiz Salazar v. State*, 687 S.W.2d 502, 504 (Tex.App.—Dallas 1985, pet. ref'd). The holding in *Morris, supra*, is inapposite and not controlling of this appeal.

It must be stressed and emphasized that under *Almanza* if no proper objection was made at trial the accused must claim and demonstrate fundamental error. The accused will obtain a reversal only if the fundamental error is so egregious and created such harm that the accused has not had a fair and impartial trial. Even under the testimony recited in appellant's brief the value of the merchandise exceeded $21. Moreover, pursuant to *Almanza,* the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, as well as the weight of the probative evidence. Relevant information revealed by the record of the trial as a whole must also be assayed. Point of error number three is overruled.

Objections to the court's charge play a basic, balanced and fair part in the trial of criminal offenses. The doctrine of waiver is fair and just. If proper objections are made the trial judge can correct the charge. If no objections are made and the accused can claim error for the first time on appeal; then, the accused is in a position of "lying behind the log". In practical

effect, when no objection is leveled at the charge, then the accused may hope for an acquittal; the accused by failing to object is assured a second trial if the dissenting opinion is the law. Appellant here eviscerated TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1992). Article 36.14 is very sound and fair and provides for procedural safeguards to both sides. Article 36.14 clearly mandates, in substance, that the defendant or his counsel shall present his objections in writing, distinctly specifying each ground of objection. Also, any errors claimed to have been committed by omissions from the charge are to be objected to specifically. Here appellant made no objection whatsoever. Compliance with the provisions of art. 36.14 is necessary to preserve points for appellate review.

The Appellant also advances a contention in his fourth point of error that the trial court erred in failing to give the jury the statutory definition of value in the charge itself. By like reasoning as set out immediately above, we determine that this point of error has been waived. The record simply does not reflect that there is evidence of probative force that the property in question was worth any sum different from the value testified to. Again, Selman testified unequivocally that the total value of the property amounted to the sum of $21.20. The information definitely sets out that the property had a value of $20 or more but less than $200. The charge as read to the jury contains the wording "as charged in the indictment". *See and compare Sowders v. State*, 693 S.W.2d 448 (Tex.Crim. App.1985). Points of error three and four are overruled.

 The fifth point of error the Appellant advances is that the trial court erred by failing in the sentencing and judgment to name the community service project or projects for an organization or organizations in the court's order. We disagree. The Appellant was to complete a certain number of hours of community service at the direction of the Adult Probation Department. The relevant statute was tracked in the court's order and the court's order did specifically set out that the orga-nization involved was the Adult Probation Department. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 17(a) (Vernon Supp.1992). Again, the sentencing went to the bench and the judge had discretion to order a type of community service program that was to be administered by the Adult Probation Department. This Department is a broad and comprehensive one and involves service to a number of different organizations. We find no error. This ground is overruled.

The Appellant advances in his next point of error that the trial court erred in referring to the Appellant as a thief before he was finally sentenced. This matter took place when the Appellant through his counsel inquired as to whether the property involved would be returned to Elbert Wilson. The court took the position that the property involved was in custodia legis or was considered to be property within the court's jurisdiction. The court did remark that the court didn't think it would be proper to reward a thief by giving him the property that he had stolen. Again, this whole matter occurred at the sentencing stage of the trial. The jury had previously been discharged after having reached a guilty verdict. As we construe the statement made by the trial judge, it was worded in a general sense and was addressing a philosophical concept. The court was merely speaking, as we perceive it, very generally and in a philosophical vein. The remark was not directed at the Appellant herein. We overrule point of error number six.

We have considered and reviewed each of the Appellant's seven points of error. We conclude that each of them lack merit. Not one of them show either error or reversible error. We therefore affirm the judgment and sentence below.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority finds no egregious harm to appellant in the trial court's failure to include the element of value in the application paragraph of its charge. Furthermore, the majority does not even characterize this as error.

Since *Johnson v. State*, 57 Tex.Crim. 308, 122 S.W. 877 (1909) the law has been that whenever the punishment is affixed by law to the theft of a particular kind of property, it is unnecessary to either allege or prove the value thereof, but with respect to all other classes of property, value must be alleged and proved as the value determines the grade of the offense and the punishment. Thus it is axiomatic that failure to allege a value is fatal, *see Hawkins v. State*, 383 S.W.2d 416 (Tex.Crim.App. 1964), as is failure to prove a value, *see Price v. State*, 165 Tex.Crim. 326, 308 S.W.2d 47 (1957).

Thus the question under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (opinion on rehearing) is whether the failure to include value in the application paragraph is "so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm'." This court in a pre-*Almanza* case, *Harrell v. State*, 679 S.W.2d 612 (Tex.App.—Beaumont 1984, no pet.) held that a charge that omits an essential element of an offense is fundamentally defective. The Dallas court in a post-*Almanza* case, *Morris v. State*, 786 S.W.2d 451 (Tex.App.—Dallas 1990, pet. ref'd) when addressing the issue that failure to include all necessary elements of the statute in a charge constitutes fundamental error which requires reversal under *Almanza* stated: "We agree that when the trial court omits required elements of an offense from the charge or from the application paragraph of the charge, a conviction is fatally defective." *Morris* 786 S.W.2d at 456.

The issue of value was raised in the trial through cross-examination of the store security person. The issue should have been presented to the jury in the application paragraph. *See Schwartz v. State*, 53 Tex. Crim. 449, 111 S.W. 399 (1908). Since value is essential in determining punishment, its omission from the application paragraph is egregious to appellant. Therefore, I would reverse and remand for a new trial.