97-00767 Coop v State of Texas.wpd



No. 04-97-00767-CR


James Esamu COOP,


Appellant


v.


The STATE of Texas,


Appellee




From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 94-CR-6785


Honorable Phil Chavarria, Judge Presiding


Opinion by: Alma L. López, Justice

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen A. Angelini, Justice

Delivered and Filed: December 30, 1999

AFFIRMED

 James Esamu Coop was convicted of felony driving while intoxicated (DWI) and sentenced
to two years in prison. Coop challenges his conviction in four issues in this appeal. Because we
find no reversible error, we affirm.

Indictment

 By indictment, the State alleged that Coop committed the offense of felony DWI in pertinent
part as follows:

 . . . that prior to the commission of the aforesaid offense, hereinafter called primary
offense, by the said defendant, on the 7th day of JANUARY, A.D., 1992, in
COUNTY COURT AT LAW NUMBER 9, BEXAR COUNTY, TEXAS, in Cause
No. 506933, the said defendant was convicted of the offense of DRIVING WHILE
INTOXICATED PURSUANT TO ARTICLE 6701l-1, a misdemeanor, and said
conviction became final prior to the commission of the primary offense; and it is
further presented in and said Court, that prior to the commission of the primary
offense by the said defendant, on the 31st day of OCTOBER, A.D., 1989, in
COUNTY COURT AT LAW 9, BEXAR COUNTY, TEXAS, in Cause No. 441246,
the said defendant was convicted of the offense of DRIVING WHILE
INTOXICATED PURSUANT TO ARTICLE 67001l-1, a misdemeanor, and said
conviction was final prior to the commission of the primary offense. . . .

Thus, the State was required to prove that Coop was convicted of DWI in Cause Nos. 506933 and
441246.

Proof of Conviction

 To prove that Coop was convicted of DWI in Cause Nos. 506933 and 441246, the State
called David Dunbar, identification supervisor for the Bexar County Sheriff's Department, to testify.
Dunbar fingerprinted Coop on the day prior to trial. The State used the fingerprint card that Dunbar
used in fingerprinting Coop to discuss certified copies of the judgments of conviction in Coop's
prior DWI convictions. The fingerprints reflected on those judgments, however, were not clear
enough for Dunbar to match the fingerprints he took the previous day with the fingerprints reflected
on the judgments. As a result, Coop contends in his first and second issues that the State did not
prove that he was convicted in Cause Nos. 506933 and 441246. To review a challenge to the legal
sufficiency of the evidence, we must review all the evidence, whether direct or circumstantial, in
the light most favorable to the verdict and determine whether any rational trier of fact could have
found the challenged finding beyond a reasonable doubt. See Jackson v. Virginia, 99 S.Ct. 2781,
2789 (1979); Sonnier v. State, 913 S.W.2d 511, 514 (Tex. Crim. App. 1995).

 Although the State typically proves prior convictions by linking the known fingerprints of
the defendant to the fingerprint(s) reflected on a judgment of conviction, this method is not the only
way to prove up a prior conviction. In this case, the prosecutor used Dunbar's testimony and a series
of documents relating to Coop's prior convictions to prove up the priors. One of those documents
was a fingerprint card that reflected the name "James Esamu Coop," the SID number (citizen's
identification number) "484029," the date of arrest of 8-10-89 for DWI, and a physical description
of the fingerprinted individual. A photograph of the individual was attached to the card. Dunbar
testified that the fingerprints on that card matched the fingerprints he had taken from Coop. Another
document, the judgment of conviction in Cause 441246, reflected the defendant's name as "James
E. Coop," the offense as DWI, the date the offense was committed as 8-10-89, and that the
defendant was adjudicated. The charging document attached to this judgment reflected the
defendant's name as "James E. Coop," the date the offense was committed as "the 10th day of
August, A.D., 1989," the SID number "484049," and "JN NO. 0419430." Another document,
reflected the booking information associated with JN 04193430. That document reflected the name
"James Esamu Coop," the SID number "0484029," a booking date of 08-10-89, and a physical
description that matched the description from the fingerprint card discussed above. Although proof
of a prior conviction in Cause No. 441246 based on these documents required the jury to trace the
relevant numbers, dates, and the physical description of the individual, from one document to
another, this evidence is legally sufficient in the absence of contradictory evidence. While each of
these documents relates to the conviction in Cause No. 441246, parallel documents were admitted
to prove the conviction in Cause No. 506933. As a result, we conclude that a rational trier of fact
could have concluded beyond a reasonable doubt that Coop was convicted of DWI in Cause Nos.
506933 and 441246. Based on this finding, we overrule Coop's first and second issues.

Proof of Conviction Pursuant to Article 67001l-1

 The indictment alleged that Coop was previously convicted for DWI in Cause Nos.506933
and 441246 "PURSUANT TO ARTICLE 67001l-1." This article was the prior authority for
criminalizing DWI. In his third and fourth issues, Coop maintains that insufficient evidence exists
to establish that he was convicted "PURSUANT TO ARTICLE 67001l-1." While Coop is correct
that the State did not present any evidence of the prior convictions having been pursued under
Article 67001l-1, Coop characterizes this deficiency as jurisdictional.

 Section 49.09(b) of the Texas Penal Code classifies the offense of driving while intoxicated
as a third degree felony upon proof that the defendant "has previously been convicted two times of
an offense relating to the driving or operating of a motor vehicle while intoxicated, an offense of
operating an aircraft while intoxicated, or an offense of operating a watercraft while intoxicated."
As a result, the State is required to allege in the indictment at least two prior convictions "relating
to the driving or operating of a motor vehicle while intoxicated [DWI], an offense of operating an
aircraft while intoxicated [FWI], or an offense of operating a watercraft while intoxicated [BWI]"
to invoke the jurisdiction of the district court. Here, the State included allegations of two prior
convictions in the indictment. As a result, the jurisdiction of the trial court was properly invoked.
Although section 49.09 also defines the term "offense" by enumerating the specific authorities
which will support enhancement under the section, we interpret that enumeration as a legislative
intent to classify any third or subsequent offense that relates to either DWI, FWI, or BWI, as a felony
offense regardless of whether the first or second offense were obtained pursuant to either a current
or superceded authority for DWI, FWI or BWI. Based on this interpretation, the State is not required
to allege the authorities for the prior convictions when seeking a conviction under section 49.09. As
a result, the language "PURSUANT TO ARTICLE 67001l-1" in Coop's indictment was surplusage
that the State was not required to either plead or prove. See Collins v. State, 500 S.W.2d 168, 169
(Tex. Crim. App. 1973) (surplusage is language that is not legally essential to the validity of an
indictment). Consequently, we overrule Coop's third and fourth issues.

 Having overruled each of Coop's issues, we affirm the judgment of the trial court.

 Alma L. López, Justice

DO NOT PUBLISH