**Lewis ORTIZ SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00604–CR.**

Court of Appeals of Texas,
Dallas.

March 4, 1985.

to life imprisonment, appeals. In three grounds of error appellant contends that: (1) the co-defendant's confession was improperly admitted into evidence; (2) his own confession was involuntary; and (3) the court's charge was fundamentally defective. We disagree with each contention and, accordingly, affirm.

In his first ground of error, appellant contends that the co-defendant's confession was improperly admitted into evidence because its numerous references to "we" improperly implicated him and violated his sixth amendment right to confrontation. Although the introduction of a defendant's extrajudicial confession implicating a co-defendant violates that co-defendant's right of cross-examination secured by the sixth amendment, *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), not every violation of this rule constitutes reversible error. *Bass v. State*, 527 S.W.2d 556 (Tex.Crim.App. 1975). In this cause both defendants gave written confessions, the court deleted any reference to appellant's name in the co-defendant's confession, and the confessions were substantially similar in nature. They essentially corroborated, interlocked, and supported each other. We conclude that any error committed by admitting the co-defendant's confession was harmless beyond a reasonable doubt. *Bass*, 527 S.W.2d at 562. Appellant's first ground of error is overruled.

In his next ground of error, appellant contends that his confession was rendered involuntary because it was obtained as the result of an offer of leniency towards other persons. We disagree. A confession may become inadmissible if it is obtained as a result of promise to the defendant made or sanctioned by one in authority; however, the promise must be of such a character as would be likely to influence a defendant to speak untruthfully. *Walker v. State*, 626 S.W.2d 777 (Tex. Crim.App.1982). Our determination of the voluntariness of the confession is based on an examination of the totality of the circumstances. *Alvarez v. State*, 649 S.W.2d

---

John H. Hagler, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

STEPHENS, Justice.

Lewis Ortiz Salazar, convicted by a jury of burglary of a habitation and sentenced

613, 620 (Tex.Crim.App.1982). The record reflects that the "promise" of which appellant complains is a statement by officer Allison that the people who had the stolen items would not be arrested if they were not involved in the burglary or murder. The record further reflects that this made in response to appellant volunteering to tell Allison where the stolen items were being kept if Allison would assure him that nothing would happen to the people who had them. Further, appellant's response was made after Allison told him that two witnesses had stated that appellant had attempted to sell them a stereo and a television. We conclude that although the promise may have induced appellant to aid the police in the recovery of the stolen goods, it did not serve as the inducement to confess. Further, we note that this is not the type of promise that would likely to influence a person to speak untruthfully. Appellant's second ground of error is overruled.

▆▆▆ In his final ground of error, appellant contends that the State's attempt to amend the indictment was a legal nullity; therefore, the court's failure to charge the jury that it must find all the elements originally alleged in the indictment to convict him caused the charge to be fundamentally defective. We disagree. The indictment originally alleged that appellant did:

> ... knowingly and intentionally enter a habitation without the effective consent of VOEUN BILLINGS, the owner thereof, who had a greater right to possession of the habitation than the defendant, with the intent to commit sexual assault and theft, and the said entry was without effective consent since no assent in fact was given by the owner or a person legally authorized to act for the owner...

After the parties announced ready, the court, on the State's motion and without objection, physically struck the words "sexual assault and" from the indictment. The question presented, therefore, is whether the striking of these words constitutes an amendment within the meaning of and pro-

hibited by TEX.CODE CRIM.PROC. art. 28.10 (Vernon 1975). We conclude that it does not. In order to convict appellant of this offense under TEX.PENAL CODE § 30.02 (Vernon 1973), the jury was required to find that he (1) entered a habitation, (2) without the effective consent of the owner, (3) with intent to commit a felony *or* theft. Where there are several ways or means by which an offense may be committed set forth in the statute and those ways or means are subject to the same punishment, they may be charged conjunctively in one count. *Garcia v. State*, 537 S.W.2d 930, 932 (Tex.Crim.App. 1976). In this case, an allegation and proof of either of the prohibited culpable mental states is sufficient to support a conviction. *Garcia*, 537 S.W.2d at 930. The State merely abandoned one of its theories regarding how appellant committed the crime of which he stands accused. Abandonment does not constitute amendment, therefore, no violation of art. 28.10 is shown. *Garcia*, 537 S.W.2d at 930. Since the striking of the words in this instance did not amend the indictment, the charge was not fundamentally defective. Further, even if the striking of the three words was error, we conclude the error is harmless. Had the words of the indictment not been stricken, and had no evidence been presented to show appellant's intent to commit rape, the conviction based upon his intent to commit theft would still be sufficient. Appellant's final ground of error is overruled.

Affirmed.