NUMBER 13-04-468-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

MANUEL VALDEZ,                                                                          Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

          On
appeal from the 139th District Court of Hidalgo County, Texas.

 

 

                                MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Garza

 








Following a traffic accident involving the death of
two teenage girls, appellant was tried by a jury and convicted of two counts of
intoxication manslaughter[1]
and two counts of intoxication assault.[2]  Appellant pled not guilty to all counts.  The trial court sentenced appellant to
imprisonment in the Texas Department of Criminal JusticeBInstitutional Division for eighteen years for count
one, eighteen years for count two, ten years for count three, and ten years for
count four, all running concurrently. 
Prior to trial, appellant filed a motion to suppress a statement he made
to Officer Barroso while being detained. 
After a hearing, the trial court denied the motion and ruled that
appellant=s statement was admissible.  By two issues, appellant asserts that the
trial court erred in (1) denying his motion to suppress and (2) denying his
requested jury charge instruction regarding the voluntariness of his
statement.  We affirm. 

By his first issue, appellant argues that the trial
court erred in admitting into evidence the statement he made to Officer
Barroso.  Appellant contends that the
statement was not made voluntarily and was therefore inadmissible.  After being advised of his rights, and after
agreeing to waive his rights, appellant gave Officer Barroso a statement
concerning the accident.  Appellant now
alleges that, in obtaining the statement, Barroso told appellant that making a
statement could help him get a lower bond.[3]  According to appellant, this influenced his
decision to give a statement he otherwise would not have given.    








In reviewing the trial court's ruling on a motion to
suppress a statement based on a claim the statement was involuntary, we give
almost total deference to the trial court's determination of historical facts,
especially when the trial court's findings are based on an evaluation of
credibility and demeanor.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1977) (en banc); Villarreal v.
State, 61 S.W.3d 673, 678 (Tex. App.BCorpus Christi 2001, pet. ref'd).  This Court affords the same amount of
deference to the trial court's ruling on application of law to fact questions,
also known as mixed questions of law and fact, if the resolution of those
ultimate questions turns on evaluating credibility and demeanor.  Ross, 32 S.W.3d at 856; Guzman,
955 S.W.2d at 89; Villarreal, 61 S.W.3d at 678.  However, questions of law and mixed questions
of law and fact that do not turn on an evaluation of credibility and demeanor
are reviewed de novo.  Ross, 32
S.W.3d at 856; Guzman, 955 S.W.2d at 89; Villarreal, 61 S.W.3d at
678.  

In this case, the trial judge did not specify his
reasons for denying the motion to suppress. 
Where, as here, no findings of fact are filed by the trial court, we view
the evidence in the light most favorable to the trial court=s ruling and assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record.  Ross, 32
S.W.3d at 855; see also Loserth v. State, 963 S.W.2d 770, 774 (Tex.
Crim. App. 1998).  If the trial judge=s ruling is correct on any theory of the law
applicable to the case, we will sustain it. 
See Villarreal, 61 S.W.3d at 678. 


The issue before us presents a mixed question of law
and fact that does not turn on evaluation of the credibility of witnesses.  See Guzman, 955 S.W.2d at 89.  We will therefore use a de novo standard of
review.  Id.    








The statement of an accused may be used as evidence
against him if it appears that the same was freely and voluntarily made without
compulsion or persuasion.  See Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 2005).  Prior to interrogation by
law enforcement agents, statutory warnings must be given.  Tex.
Code Crim. Proc. Ann. art 38.22(2)(a) (Vernon 2005).  The failure to provide these warnings renders
any statement obtained during that interrogation inadmissible per se.  Creager v. State, 952 S.W.2d 852, 856
(Tex. Crim. App. 1997)(en banc).  Where
the challenge to the admissibility of a confession is not based upon the
failure of the questioner to issue the proper pre-interrogation warnings, but
rather is based upon remarks made by the questioner during the course of
interrogation, the per se rule of inadmissibility does not apply.  Id.[4]  Therefore, where inducement is made after
the warnings are provided, the issue turns on the extent of the influence.  Id. 
The court looks to the remarks made in order to determine whether
they had the effect of rendering the confession involuntary.  Id. 
The totality of the circumstances must be viewed in order to
determine the voluntariness of the statement. 
Id.   








A statement is involuntary for due process purposes
only if there was official, coercive conduct of such a nature that any
statement obtained thereby was unlikely to have been the product of an
essentially free and unconstrained choice. 
Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995); Zayas
v. State, 972 S.W.2d 779, 791 (Tex. App.BCorpus
Christi 1998, pet. ref=d).  A four‑prong
test must be met in order to render a confession obtained by a promise of a
benefit involuntary.  Sossamon v.
State, 816 S.W.2d 340, 345 (Tex. Crim. App. 1991) (en banc).  Under this test, the promise must be (1) of
some benefit to the defendant, (2) positive, (3) made or sanctioned by a person
in authority, and (4) of such character as would be likely to influence the
defendant to speak untruthfully.  See
id.  Assuming arguendo that appellant
established the first three prongs of the Sossamon test, there is no
record evidence to establish the fourth prong. 
The Sossamon court stated that for a promise to influence the
defendant to speak untruthfully, that promise would have to incline the
defendant to admit to a crime he had not committed.  Id. 
For a promise to render a confession involuntary, the inducement must
have probably caused the accused to falsely inculpate himself.  Espinosa v. State, 899 S.W.2d 359, 364
(Tex. App.BHouston [14th Dist.] 1995, pet. ref'd). 








The court of criminal appeals has held that
unspecific offers to help a defendant are not likely to induce him to make an
untruthful statement and will not invalidate a confession.  Dykes v. State, 657 S.W.2d 796, 797
(Tex. Crim. App. 1983) (en banc). 
Similarly, general statements made to a suspect regarding how a
confession can sometimes result in leniency do not render a confession
involuntary.  Muniz v. State, 851
S.W.2d 238, 253‑54 (Tex. Crim. App. 1993) (en banc).  Even specific, unequivocal promises can lack
the persuasive impact needed to show that they will probably induce an accused
to make an untruthful statement.  See
id. (holding officer's promise that he would try to obtain charitable help
for defendant's wife and mother was not sufficient inducement to confess to a
heinous crime); Jacobs v. State, 787 S.W.2d 397, 400 (Tex. Crim.
App. 1990) (en banc) (holding promise to defendant that he would be allowed to
see his girlfriend was not sufficient inducement that it would likely cause him
to confess); Smith v. State, 779 S.W.2d 417, 427‑28 (Tex. Crim.
App. 1989) (en banc) (finding that where the defendant wanted an opportunity to
take a polygraph test to prove his innocence, and the police promised that he
would be examined on a polygraph, the court stated, A[w]e fail to perceive in what way a promise of a
polygraph, without more, would operate to induce an accused falsely to
inculpate himself.@); Ortiz Salazar v. State, 687 S.W.2d 502,
503‑04 (Tex. App. Dallas 1985, pet. ref'd) (finding promise of leniency
toward other members of theft ring was unlikely to influence defendant to
untruthfully confess to burglary).  

We conclude that a comment referring to the
possibility of obtaining a lower bond is not the type of promise that would
have induced appellant to make an untruthful statement.  Appellant=s
first issue is overruled.

In his second issue, appellant contends that the
trial court erred in denying his requested jury charge instruction regarding
the voluntariness of his statement.  See
Tex. Code Crim. Proc. Ann.
art. 38.23 (Vernon 2005).  Appellant's
ground of error is based on the rule that once evidence is introduced during
the trial on the merits raising an issue as to the voluntariness of the
confession, article 38.23 requires the trial court to instruct the jury on the
matter.  See id.  

Appellant did not testify at the trial on the merits
before the jury or call any witnesses on the issue of voluntariness of the
statement.  Instead, he claims that the
following cross-examination of Officer Barroso by appellant=s counsel sufficiently raised the issue: 

Question:        Okay.  Let me B let me ask it this way: Did you tell him that if he
gave a statement, that if he gave a statement, that you would try to see if the
judge would give h[i]m a low bond?  

 

Answer:          Oh,
yes, sir.  

 

Question:        You
told him that?

 

Answer:          Yes,
sir.  I told him I=d try to work with him.  

 








Question:        So
in your opinion, knowing how the defendant was, he tried as much as possible to
give you as much information in the statement whether he remembered or not?

 

Answer:          Right.  

 

Appellant contends that this evidence is clearly
sufficient to raise a fact issue as to the voluntariness of his statement, and
as such, the trial court should have granted an article 38.23 instruction.  The State contends that this evidence was
insufficient because there was no evidence that questioned the voluntariness of
appellant=s statement to Officer Barroso.  We agree.

When evidence from any source raises a defensive
issue, and the defendant properly requests a jury charge on that issue, the
trial court must submit the issue to the jury. 
Moore v. State, 574 S.W.2d 122, 124 (Tex. Crim. App. 1978).  The evidence which raises the issue may be
either strong, weak, contradicted, unimpeached, or unbelievable.  Sanders v. State, 707 S.W.2d 78, 80
(Tex. Crim. App. 1986), limited on other grounds, Willis v. State,
790 S.W.2d 307, 314 (Tex. Crim. App. 1990) (en banc).  However, when the evidence fails to raise a
defensive issue, the trial court commits no error in refusing a requested jury
instruction.  Kunkle v. State, 771
S.W.2d 435, 444 (Tex. Crim. App. 1986) (en banc).  Only when some evidence is presented that a
confession is not voluntary is the matter put in issue.  Brooks v. State, 567 S.W.2d 2, 3 (Tex.
Crim. App. 1978); Lopez v. State, 535 S.W.2d 643, 649 (Tex. Crim. App.
1976).  








  In his
brief, appellant=s only citation to the record regarding evidence
heard by the jury on the matter is to the testimony on cross examination of
Officer Barroso, in which Barroso testified that he told appellant he would try
to work with him in obtaining a lower bond. 
We conclude that this evidence does not raise the issue of voluntariness
to mandate the requested jury charge instruction.  See Miniel v. State, 831 S.W.2d 310,
316 (Tex. Crim. App. 1992) (en banc) (holding that cross‑examination of
an officer which raised contention that defendant was beat up during
interrogation did not present evidence raising the issue of voluntariness of
the confession and finding no error in refusing appellant's requested
instruction on voluntariness of the confession).[5]   Appellant=s
second issue is overruled.   

The judgment of the trial court is affirmed.   

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 11th day of August, 2005.











[1] See Tex. Pen. Code Ann. ' 49.08 (Vernon 2003).





[2] See Tex. Pen. Code Ann. ' 49.07 (Vernon 2003). 






[3] Officer Barroso testified that he
informed appellant that he might be able to get a lower bond if he gave a
statement.    





[4] It is unclear exactly when Officer
Barroso made the comment in question; however, Barroso testified that he read
appellant his Miranda warnings, see Miranda v. Arizona, 384 U.S.
436, 444 (1966), while they were in appellant=s cell.  Afterwards, Barroso took appellant to his
office, where, according to Barroso, the comment was made.  Appellant=s testimony confirmed that the comment was made in Barroso=s office and not in appellant=s cell.  Based on this evidence, we conclude that the
warnings were given before the comment in question was made.  See Loserth v. State, 963
S.W.2d 770, 776 (Tex. Crim. App. 1998).   






[5] Assuming, arguendo, that
the  trial court erroneously refused to
submit appellant=s requested  instruction , we would then review the entire
record to determine whether the defendant suffered some actual harm;
theoretical harm is not sufficient to constitute reversible error.  Arline v. State, 721 S.W.2d 348,
351-52 (Tex. Crim. App. 1986).  If the
defendant has suffered any harm, regardless of degree, we will reverse the
conviction and remand the cause to the trial court.  Murphy v. State, 44 S.W.3d 656, 665-66
(Tex. App.BAustin 2001, no pet.).  

In the present case, in light of
other evidence of appellant=s guilt, any error in admitting the statement without the
instruction would be harmless.  The State=s evidence consisted of testimony
from Lieutenant Walinsky, responding Officers James Cooper,  J.P. Sauceda, and Omar Hinojosa, as well as
Officer Cooper=s 
sworn report.  The testimony
revealed that appellant was found sitting in the driver=s seat of his vehicle; had a strong
odor of alcohol, blood shot eyes, slurred speech; had trouble walking; failed
the  field sobriety test and had a
blood-alcohol level over three times the legal limit.  Based on this evidence, we find that
appellant would not have suffered any harm even if the trial court erred in
refusing the requested instruction.